CASE 115—PETITION EQUITY—FEBRUARY 26.

98 717<br>100 217

# Degman, &c., v. Degman, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE—LIFE ESTATE.—Under a devise by a testator to his wife of all his estate, "said property to be disposed of by her among my children as she may think best," the widow took a life estate with power to divide the property among the testator's children as she thought best.
2. POWER OF APPOINTMENT.—Where a power of appointment is given to be exercised for the benefit of a class of persons, each one of the class is entitled to a substantial portion of the estate, but it is not necessary that the several portions should be equal.

3. SAME.—A power of appointment must be exercised for the benefit of the persons entitled thereto, and not with a view of benefiting the person executing the power. And an appointment or division made in the execution of a power for the purpose of benefiting the person making it, is in law fraudulent and void.

In this case the widow having made an unequal division of the testator's property among his children with a view of securing the payment of her debts and also the support of herself and second husband, for which the grantee in one of the deeds of partition obligated himself, the deeds should be canceled and the land equally divided among the testator's four children.

4. JUDICIAL SALES—PARTIES TO ACTION.—A sale of the land to pay the testator's debts passed only the widow's life estate, the children not being parties to the proceeding.

E. L. WORTHINGTON FOR APPELLANTS.

1. Mrs. Clarissa Degman took only a *life estate* and took no interest in the fee except a power of appointment over it amongst the testator's children. (Collins v. Carlisle, 7 B. Mon., 14; McGaughey v. Henry, 15 B. Mon., 383; Holsen v. Rockhouse, 83 Ky., 233.)

2. Such a power created a trust, and the donee of the power has no right to give any portion of the property to anybody outside of the designated class, and must give to each member of the class a *substantial* share. (1 Perry on Trusts, sec. 250; 2 Perry on Trusts, sec. 508; McGaughey v. Henry, 15 B. Mon., 397.)

The donee of the power in this case was also bound to distribute *all* the property to her children *living at the time.* (4 Kent's Comm., 346, note f.)

3. An appointment made by the donee for the *purpose* of benefiting and in such a manner as to benefit himself or a third person outside the designated class is fraudulent and therefore void *in toto.* It is not merely an *excess* in the execution of the power. (2 Pomeroy's Eq., sec. 920; Kerr on Fraud and Mistake, 267; Bispham's Equity, 317 (3d ed.); 2 Perry on Trusts, secs. 511 and 511a; 6 Lawson's Rights, Remedies and Practice, sec. 2753; Shank v. Dewitt, 44 Ohio St., 237; Cruse v. McKee, 73 Am. Dec., 188; Aleyn v. Belchier, 1 White & Tudor's Leading Cases in Equity, 578, 586; Daubney v. Cockburn, 1 Merrivale, 626; s. c., 15 Rev. Rep., 174; Collins v. Merrill, 2 Met., 163; Gardner v. Maxey, 9 B. Mon., 90.)

L. W. ROBERTSON ON SAME SIDE.

The deed made January 10, 1890, should be declared void because

procured by the undue influence of C. C. Degman over his mother and also because of the mental incapacity of the grantor. The burden is on the appellees when claiming under deeds made by such an old, feeble, sick and dying woman; but even if upon appellants they have made out their case. (Smith &c. v. Snowden, 16 Ky. Law Rep., 353.)

The deeds are also void because of the fradulent execution of the power, but that question is not discussed because fully argued by other counsel.

COCHRAN & SON FOR APPELLEES.

1. With a knowledge of all the facts Thomas P. Degman elected to accept what he got under the deeds from his mother and brother, and he is now estopped to repudiate the transaction. (Bigelow on Estoppel (5th ed.) pp. 673, 674, 683, 685.)

2. As to the two grounds of mental incapacity and undue influence they are pure questions of fact and the finding of the lower court as to them will be upheld unless clearly against the weight of the evidence. (Campbell v. Cincinnati Sou. R'y Co., 9 Ky. Law Rep., 799; Davezac v. Seiler, 93 Ky., 418.)

But the clear weight of the testimony is in favor of the finding.

3. In order to render an appointment fraudulent it must not only appear that it was made to accomplish illegitimate ends, but that if it had not been for them the appointment would not have been made at all, or as it was made. (2 Pomeroy's Eq., Jur., sec. 920; Cooper v. Cooper, L. R., 5 Ch. App., 203; 1 Beach's Eq. Jur., sec. 110; Henty v. Wrey, L. R., 21 Ch., 350; In re Turner's estates L. R., 28 Ch. Div., 205; Langton v. Blackmore Amb., 288; Cruse v. McKee, 2 Head (Tenn.) 1; s. c., 73 Am. Dec., 186; 18 Am. and Eng. Enc. of Law, 922, note 1; Sugden on Powers, sec. 554.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

J. C. Degman died in Mason county, in 1860, having just made and published his will, which will was duly probated.

The principal clause of the will is in the following words: "That is to say I hereby give unto my beloved wife, Clarissa Degman, all the property I own or may own at my death, of every description, after the payment of my debts; the said property to be disposed of by her among my children as she may think best."

Some years after the death of the testator his widow was married to Jack Sweet.

On January 10, 1890, the widow, Clarissa, executed deeds to the several children of the said Degman for and to different parcels of the land owned by decedent at the time of his death; and soon thereafter Jack Sweet died, and during the year 1890 the widow, Clarissa, also died.

It appears that the appellants, Thomas P. Degman and Susan Vawter, and appellees, C. C. Degman and U. P. Degman, were at that time the only children and heirs at law of said J. C. Degman, John Degman, a son, having died intestate after his father, and unmarried.

In April, 1891, the appellants instituted this suit for the settlement of the estate, and seeking to have the several deeds canceled and the lands equally divided among the four children, and also sought to have C. C. Degman to account for money due for rents and personal property owned by the said Clarissa; also sought to have defendants charged with large sums received by them as advancements.

It is also alleged in the petition that the parcels of land conveyed to appellees are much more than one-fourth part in value thereof, and that the said Clarissa was not capable of transacting business or knowing what she was doing at the time she signed the deeds; that she was thought to be at the point of death, not expected to live until morning; that C. C. Degman had lived with her for a number of years, and exercised an undue influence over her.

It is further alleged that 250 acres of the land owned by Julius C. Degman was sold to pay his debts, and bought by Clarissa and Jack Sweet, and afterwards Jack Sweet conveyed his interest in same to his wife Clarissa, who, it seems, had been, by proper proceedings, empowered to do business as a *feme sole*, and that in fact all the land left by the testa-

tor, and not sold to pay his debts, was deeded to appellee, C. C. Degman.

Appellants in an amended petition alleged that the inducement to the said Clarissa to make the conveyance to C. C. Degman was to secure the payment of her indebtedness, and to provide for the support of herself and husband during their lives, and that the conveyance was a fraudulent exercise of the power conferred by the will, and, therefore, void.

Appellees in their answer denied all the material averments in the petition, and averred that only the life estate of the widow passed under the sale of the 250 acres. Several hundred pages of proof were taken, and the court upon final hearing dismissed appellants' petition, and they have appealed to this court.

The widow of J. C. Degman took under his will a life estate in the land devised, with power to divide the same between his children as she thought best. (Holsen v. Rockhouse, 83 Ky., 233.)

The evidence as to the competency of Mrs. Sweet to transact business at the time she executed the deeds is conflicting, and we do not deem it important to pass upon the question of her competency for the reason that her competency is not decisive of the questions at issue.

We concur with appellees in their contention that only the title to the life estate of Mrs. Sweet passed under the execution sale under the Ireland judgment, the children not being parties to the judgment or execution. We are also of the opinion that C. C. Degman is not liable for any rents and advancements, nor for any personal property received by him, nor is he entitled to any pay for improvements or services rendered. It does not appear that any of the children should be charged with any advancements.

The amount of land deeded to C. C. Degman was estimated

in the deed at 145 acres, but the report of the surveyor shows it to contain more than 238 acres. The testimony shows it to be worth very much more than the portion conveyed to either of the other children. No one disputes that fact, but the deed recites that he was to pay the debts owing by his mother, for which it seems that he was already bound, and also to care for and support his mother and Jack Sweet during her life, and the proof conduces to show that the agreement or expectation was that he would support and care for Jack Sweet during his life.

The parcel conveyed to U. P. and T. P. Degman was supposed to contain 190 acres, but really contained 240, as shown by the survey, and it was charged with the payment of four hundred dollars to Susan Vawter. The tract conveyed to Susan Vawter was supposed to contain sixty-one acres, which seems to have been the true amount.

Jack Sweet died within a few weeks after the execution of the deeds, and Mrs. Sweet died in the succeeding fall.

It is the well-settled doctrine that where a power of appointment is given, to be exercised as to a class of persons, each one of the class is entitled to a substantial portion of the estate, not, however, an equal portion of it. It is likewise well settled that the power of appointment must be exercised for the benefit of the parties entitled thereto, and not with a view of benefiting the appointor or donee of the power to appoint, and that an appointment or division made for the purpose of benefiting the appointor is in law fraudulent and void.

It is perfectly manifest that the chief, if not the sole, reason that induced Mrs. Sweet to make the deeds as she did was to secure the payment of her debts, and provide for the care and maintenance of herself and husband, and, to make this certain, she retained a lien on the land conveyed to C. C.

Degman to secure the performance of the conditions and agreement.

It would hardly be contended that Mrs. Sweet could have sold enough of this land to have paid her debts, nor could she have invested her second husband with any title to it beyond her life estate, and yet if this division should be upheld the same thing in effect would be sanctioned and approved. To hold that the division is valid and the conditions imposed void would be still more inequitable.

That Mrs. Sweet should desire that her debts be paid and her husband taken care of was natural and commendable, yet she had no power to so apply or use the trust property.

For the reasons indicated the judgment of the court below is reversed and cause remanded, with directions to cancel the deeds made by Mrs. Sweet, and also cancel the deeds of partition made by Thomas P. and U. P. Degman; also to disallow any and all claims for improvements, as well as charges or claims for rents, and to cause the lands in contest to be equally divided between the four children of Julius C. Degman, and for proceedings consistent with this opinion.