## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed August 20, 1923.

GEORGE E. HOLLENSHADE, ET AL.,

VS.

ANNIE C. HOLLENSHADE, ET AL.

*Dickerson & Nice* and *J. Calvin Carney* for plaintiffs.

*John S. Mahle* and *William P. Cole* for defendants.

STEIN, J.—

The object of these proceedings is to obtain a decree declaring null and void the two deeds hereinafter named. The bill sets out several reasons for the passage of such a decree: Those assigned at the hearing were, that, to the knowledge of the parties thereto, Robert Hollenshade, a grantor in one of those deeds, procured their execution in fraud of the power of disposition that the deed of trust hereinafter named conferred upon him; that there was no consideration for such deeds and that they were executed solely to deprive some of the remaindermen in the deed of trust of their rights thereunder. The plaintiffs are three of the remaindermen in the deed of trust.

At the hearing all the deeds above named were offered in evidence and a stipulation entered into, from which I find:

First: That, by deed dated July 18, 1904, and duly recorded, Albert L.

Rodgers and wife conveyed to George E. Hollenshade, Trustee, a fee simple lot of ground upon the following terms and conditions, viz.:

"That Robert Hollenshade and Annie C. Hollenshade, his wife, be permitted at all times to occupy and use the said lot of ground and premises during their joint lives and the life of the survivor of them, and collect all the rents and profits accruing therefrom, and to continue in the full enjoyment of the same, and to apply said rents and profits to his or her use and to the use of the survivor of them without accounting therefor to the said Trustee or to anyone; and with full power to the said Robert Hollenshade to sell, dispose of and convey the said lot of ground and premises or any part thereof without said trustee uniting in the conveyance thereof; and from and after the death of the said Robert Hollenshade and the said Annie C. Hollenshade and from and after the death of the survivor of them; then to hold all of said lot of ground and premises unto and to the use and benefit of the said George E. Hollenshade, in trust to convey the same unto Robert C. Hollenshade, Clarence L. Hollenshade, Lawrence A. Hollenshade, George E. Hollenshade, Gertie E. Kitson, wife of George Kitson, and Ida M. Barrett, wife of Frederick Barrett, children of the said Robert Hollenshade, their heirs and assigns, as tenants in common in fee simple."

Second: That, Robert Hollenshade and his wife, conveyed the same property to John H. Gordon, by deed dated August 25, 1920, the consideration in which is recited as "Five dollars and other good and valuable considerations," the said Robert Hollenshade exercising the power to dispose of and convey, given and granted him by the deed from Rodgers and wife to Hollenshade, trustee. By deed for a consideration recited as five dollars, and other good and valuable consideration Gordon and wife, simultaneously conveyed the same property unto the said "Robert Hollenshade and Annie C. Hollenshade, his wife, and to the survivor of them for and during their lives; and from and after the death of their survivor; with remainder over to Lawrence A. Hollenshade, his heirs and assigns in fee."

Third: "That John H. Gordon, the Grantee in the deed from Hollenshade and wife, and a Grantor in the deed to Hollenshade and wife, with remainder to Lawrence A. Hollenshade, was merely an intermediary; that the consideration of five dollars named in the deed to him was a formality; was paid by Gordon, at once was handed back to him; that the deeds to and from him were *voluntary*, executed for the sole purpose of changing the title to the property as it stood prior to their execution, and that for these two last named deeds there was no other consideration than the five dollars above mentioned which was paid and returned."

Fourth: These two deeds were recorded on the day after their execution, Robert Hollenshade died the day after their recording. Lawrence A. Hollenshade, the only remainderman under these two deeds, is a child of Robert and Annie C. Hollenshade, and one of the six children taking in remainder under the deed of trust from Rodgers and wife.

Fifth: The bill was filed November 5th, 1920, by three of the remaindermen in the deed of trust, one of whom joined as the trustee named therein. The defendants are Annie C. Hollenshade, the widow of Robert Hollenshade, Lawrence A. Hollenshade, the preferred life tenant; John H. Gordon, the intermediary; and Robert Hollenshade, who is a life tenant under the deed of trust, was summoned, did not answer, and a decree pro confesso was taken against him. The wife of John H. Gordon is not a party to these proceedings.

No evidence was offered of either undue influence or want of capacity. The decision here turns upon the question as to whether or not the deeds of August 25, 1920, were a proper execution of the power contained in the deed of trust or whether or not their execution is not what is commonly called a "Fraud on that power," i. e., "that the power has been exercised for a purpose or with the intention beyond the scope of or not justified by the instrument creating the power." Farwell on Powers, folio 458.

"The appointment must be made with an entire and single view to the real purpose and object of the power; and not for the purpose of *accomplishing* or carrying into effect any bye or

sinister in the sense of its being beyond the purpose and object of the power."

There must be a pure, straightforward, honest dedication of the property, as property to the purpose to which the appointee affects or attempts to give it.

Bispham's Equity, Sec. 257, folio 438, 31 Cyc. 1136.

In Latrobe vs. Tyson, 42 Mad. 325, 337, affirmed in Wilson vs. The Maryland Life Insurance Company, 60 Md. 153, our Court of Appeals held a power in a deed of trust, "to sell and dispose of" meant an out and out sale. In the deeds here attached there was no sale, they are voluntary, without consideration; their sole object was to change the title, i. e., to break the remainder in the original deed of trust; so that the property would finally vest not in the six children named in that deed, but in only one of them, who was preferred for reasons not shown in the record.

This must be a "bye and sinister object" beyond the purpose and object of the power.

This doctrine is also recognized in Wilks vs. Burns, 60 Md. 64, 72.

"The authorities are numerous and uniform in enunciating the principle that the donee cannot enlarge and amplify the scope of the power but must be strictly controlled in its execution by the declared intent of the donor."

In Hutchinson vs. Cole, 6 R. R. 314-319-320, it appeared that a widow and life tenant who was authorized by her first husband's will to sell so much of his real estate "as should in her judgment be necessary for her comfortable support and maintenance through life," conveyed his Old Homestead for a nominal consideration of twelve hundred dollars, which she recited in the deed, "in her judgment, was necessary for her comfortable support;" she thereafter married the grantee in that deed. On a bill to set aside this deed, filed by a remainderman under the will, the Court held that the deed was void; that it was fraudulent execution of the "power of sale"; and that the grantee in the deed, who was a party to the fraud could not profit by it. The testimony showing that the real consideration for the deed was not twelve hundred dollars, as therein recited, but was one hundred dollars and the marriage between the widow and the grantee.

In Degman vs. Degman, 98 Ky. 717 and 722, the testator's widow, under his will, took a life estate in land, with power to divide the same between his children as she saw fit. She and her second husband conveyed this land to a son of the testator, charged with the payment of her debts and with the support of herself and said husband during their lives. The deed was held invalid; the Court held that the property should be divided among the testator's children, saying at page 722, that a power of appointment must be exercised for the benefit of the parties entitled thereto.

In Bostick vs. Winton, 33 Tenn. 524, the Court held, "that a power of appointment must be exercised in good faith for the benefit of those who are intended beneficiaries under it. If it appears that it has been exercised collusively, and for the benefit of the party exercising it, such exercise is a fraud upon the power and cannot be maintained. Thus where a father has a power of appointment to either of his children he might choose, and being required to give bail for his appearance at Court to answer a criminal charge, conveyed the estate to one of his sons in order to render said son a good and sufficient surety on his bail bond, who was to reconvey at the end of the prosecution; and the father afterwards sold the land, the son executing a deed to the purchaser, but receiving no part of the consideration thereof; such exercise of the power being for the father's own benefit is void."

In Shank vs. Dewitt, 44 Ohio State 237, the record shows that a testator devised and bequeathed certain lands, cattle and personal property to his wife for life, with power to dispose of all the above property to my heirs as she thinks best.

The widow paid the debts of the testator; conveyed certain of the lands to two of the sons and certain other of the lands to a daughter; in the deed to one of the sons, she reserved a life estate, and charged him with the payment of one hundred dollars; the expense for her last illness, and her funeral expenses; in each of the other

deeds she reserved for her life, the use of the land therein described.

On objection by some of the testator's grandchildren, who did not share in any of the lands so conveyed, the Court held that in these deeds, the widow exceeded and abused the power conferred by the will and that they were void.

Under the doctrine laid down in and illustrated by the above cases that a "Power can be exercised only in accordance with the terms of the instrument creating it, and any attempt to exercise it otherwise is void," the deeds attacked must be held to be void; the parties in each deed were parties to and had knowledge of the improper exercise of the power in the deed of trust from Rodgers and wife.

The bill contains a prayer under Sec. 228 of Code, Art. 16, for the sale of the trust property and the investment of the proceeds thereof under the Court's jurisdiction, but testimony was not offered on this point, so that this question will not be passed on now.

As defendants' counsel repeatedly asked me to delay action until they could take additional testimony, I did so, and will further delay action for thirty days so that they make take such testimony, pending which the plaintiffs, if they wish, may make the wife of John H. Gordon, if living, a party.

If within the time limited, no further action is taken by either party I will sign a decree declaring void the two deeds named in the bill to and from Gordon, imposing costs on the defendants, and reserving all other questions for future action.