OPINION
{¶ 1} Mary Carolyn Cowden, plaintiff-appellant, is appealing from the grant of summary judgment by the trial court to the defendants, The Huntington National Bank, and the Huntington National Trust Company.
 {¶ 2} The facts of the case are not in dispute and are set forth in the decision of the trial court, the Probate Court of Montgomery County, Ohio, as follows:
 {¶ 3} "This matter is before the court on Motion for Summary Judgment filed by defendants, The Huntington National Bank, Co-Executor of the estate of Richard N. Cowden, and The Huntington National Trust Company, Co-Executor of the estate of Richard N. Cowden and Dorothy M. Cowden. The Huntington Bank defendants are hereafter collectively referred to as `HNB.' Plaintiff, Mary Carolyn Cowden, filed a memorandum in opposition to HNB's motion. Plaintiff also filed a motion for summary judgment and HNB filed a memorandum in opposition thereto.
 {¶ 4} "The basic facts are undisputed. Dorothy M. Cowden, plaintiff's mother, executed a trust agreement on August 7, 1986. Dorothy died on September 26, 1991. Her spouse and plaintiff's father died on October 12, 1998. Dorothy's inter vivos trust agreement provided in Article II, section 9:
 {¶ 5} "Upon the death of Grantor's spouse, Trustee shall transfer the principal of Trust Number 2 and all accumulations thereof by proper instruments of conveyance to and among thechildren of Grantor and their issue in such proportions and legalor equitable interests as Grantor's spouse shall appoint by specific reference to this limited power of appointment in said spouse's Last Will and Testament. The purpose of this power of appointment is to enable Grantor's spouse to respond to changesin circumstances of Grantor's children and their issue which may occur subsequent to Grantor's death by adjusting the disposition of the assets of the Trust Number 2 at spouse's death.
 {¶ 6} "Richard N. Cowden, Grantor's spouse, executed his Last Will and Testament on April 25, 1997. There is no factual dispute that Item 3 of this Last Will and Testament provides as follows:
 {¶ 7} "Under the terms of a certain trust agreement by my deceased wife, Dorothy M. Cowden, with the the [sic] Huntington National Bank, Columbus, Ohio, as Trustee, dated August 7, 1986, I was given powers of appointment in Article II, Paragraphs 8(d) and 9(b). I hereby exercise said powers of appointment, and direct that, upon my death, all property subject to said powers of appointment shall be paid over and distributed to The Huntington Trust Company, N.A. as Trustee or its successor in trust, under the Richard N. Cowden Trust Agreement dated August 7, 1986, as amended, and including any amendments adopted hereafter, to be added to the property then held in trust by such Trustee and administered for benefit of my children and their issue according to the terms set forth in said Richard N. Cowden Trust Agreement as it exists at my death.
 {¶ 8} "There is no factual dispute that Richard N. Cowden executed a Trust Agreement on August 7, 1986 and that said agreement was subsequently amended on March 18, 1997.
 {¶ 9} "Section 3.1 of the Richard N. Cowden Trust Agreement provides as follows:
 {¶ 10} "Upon my death, and after any payments pursuant to Section 2.3, above, the Trustee shall divide and allocate the remaining trust estate, including property received from my deceased wife's trust by virtue of my exercise of general and limited powers of appointment, as follows: Eighty percent (80%) to the Robert A. Cowden Trust to be administered pursuant to Section 3.2 below; and twenty percent (20%) to the Cowden Grandchildren Trust to be administered pursuant to Section 3.3 below. I have intentionally made no provision in this Agreement for my daughter, Mary Cowden . . .
 {¶ 11} "Initially, Plaintiff claimed that her father, Richard N. Cowden, lacked the requisite testamentary capacity to execute the will and the trust agreement that are at issue. However, on January 24, 2002, plaintiff dismissed with prejudice any allegations that Richard N. Cowden lacked the requisite testamentary capacity to create or amend and restate a trust.
 {¶ 12} "The only issue remaining before the Court is whether Richard Cowden exceeded his authority by disinheriting plaintiff when he exercised his limited power of appointment in allocating the principal of the Dorothy Cowden Trust.
 {¶ 13} "There is no dispute that Richard Cowden had the authority to determine the amount to be distributed to each of his children and grandchildren based upon changes in circumstances. Due to the risky and unprofitable financial deals that plaintiff caused her father to invest in to his detriment, there existed a change in circumstances. Richard actually filed a lawsuit against his daughter even though the matter was compromised and settled prior to a Court trial. Based on these circumstances, Richard exercised his power of appointment to exclude plaintiff as a beneficiary under the Dorothy Cowden Trust. Thereafter, plaintiff and her father had a tenuous relationship, at best.
 {¶ 14} "Having found there was a change in circumstances, the only remaining question is did Richard exceed his authority when he allocated $0.00 to plaintiff. Plaintiff aggress [sic] that Richard had the authority to allocate the distributive shares. However, Plaintiff alleges that Richard should have given Plaintiff something, even if it were $1.00.
 {¶ 15} "The language in each of the trust agreements and the will is unambiguous. The Dorothy Cowden Trust language does not direct Richard to give to the donor's children in equal shares taking in consideration any advancements that they may have received while the surviving spouse was alive. Therefore, this case is distinguishable from Stableton v. Ellison (1871),21 Ohio St. 527, the case upon which Plaintiff relies.
 {¶ 16} "In most of the cases cited by HNB, the language in the documents giving the power of appointment were much broader than the language used in the Dorothy Cowden Trust gave Richard no directive on how to distribute the assets once he responded to changes in circumstances. Obviously, Dorothy wanted Richard to make that decision based on the circumstances at the time, which is exactly what he did.
 {¶ 17} "Based on the foregoing, the Court hereby DENIES the Plaintiff's Motion for Summary Judgment and hereby GRANTS the defendants', HNB, Motion for Summary Judgment." (Docket 50).
 {¶ 18} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Graftonv. Ohio Edison Co., 77 Oho St.3d 102, 105, 671 N.E.2d 241,1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools Bd. of Edn. (1997), 122 Ohio App.3d 378, 383,701 N.E.2d 1023, citing Supler v. Mansfield Journal Co. (1980),64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187, 18 O.O.3d 354. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 19} Summary judgment can be appropriately granted where (1) "there is no genuine issue as to any material fact; (2) * * * the moving party is entitled to judgment as a matter of law; and (3) * * * reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46, 8 O.O.3d 73; see, also, Civ.R. 56(C). The movant has the burden to prove that no genuine issues of material fact exist by specifically pointing to evidence in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which show that the non-movant has no evidence to support its claims. Harless, supra; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 622 N.E.2d 264; Civ.R. 56(C).
 {¶ 20} The appellant sets forth as a sole assignment of error that the trial court erred in sustaining the appellees' motion for summary judgment and overruling the appellant's motion for summary judgment.
 {¶ 21} We have read the entire record, including the deposition of the plaintiff taken in California where the plaintiff resides. We find that the record fully supports the decision of the trial court. As the trial court noted, it is clear that the plaintiff's father had the right to allocate among the class of his children and grandchildren in any way he wished. Also it is noted by the trial court the change in circumstances that occurred after the death of plaintiff's mother involved severe financial loss sustained by the father of which he blamed at least in part his daughter, the plaintiff. Prior to 1991 or even 1992, the plaintiff maintains that she had a "good relationship" with her father. (Depo, Tr. 15). In fact, her father came to somehow believe, falsely it would seem, that she was responsible for her mother's death. (Depo, Tr. 55, 62).
 {¶ 22} On appeal, appellant cites only the one case ofStableton v. Ellison (1871), 21 Ohio St. 527. The trial court correctly distinguished that case from the case at hand InStableton, the Supreme Court of Ohio found that the testator intended to leave the property in equal shares to his ten children citing language in the Will that referred to one son who had been given a prior gift of land that he should not receive more than "his equal proportion." Id., 533.
 {¶ 23} As pointed out in the defendants' brief, more recent cases leave no doubt that the donee of a power of appointment such as exists in the present case, may allocate a zero share of the property to one or more members of the class. See, inter alia, Dollar Savings Trust Co. v. Kirkhan (Mahoning Cty. C.P. 1969), 21 Ohio Misc. 163; Fay v. Fay (1956), 334 Mass. 311;Shaver v. Ellis (1928), 226 Ky. 806; In re Will of Weinstein
(1981), 111 Misc.2d 860, 444 N.Y.S.2d 427 and Harlan v. CitizensNatl. Bank (Ky.App. 1952), 251 S.W.2d 284. Appellees cite, and we hereby approve, Section 21.1 of the Restatement of the Law 2d, Property (1984):
 {¶ 24} "Section 21.1 Exclusive Powers
 {¶ 25} "The donee of a power of appointment in exercising the power may exclude one or more of the objects from receiving an interest in the appointive assets unless the donor specifies the share of the appointive assets from which an object may not be excluded. If the donor does not specify any such share, the power is exclusive."
 {¶ 26} In the committee comment following the section, it is noted that: ". . . it is to be inferred that the donee is intended to have as broad a power of selecting among the objects, including the power to exclude one or more, as the donor would have had at the time of creating the power or as the donee has with reference to own property." Id., 345-346.
 {¶ 27} We hereby approve and adopt the decision of the Probate Court as our own. The assignment of error is overruled, and the judgment is affirmed.
Judgment affirmed.
Fain, P.J., and Grady, J., concur.