### In re CONNER'S WILL.

(Supreme Court, Appellate Division, First Department. June 12, 1896.)

WILLS—DIVISION OF ESTATE—POWER OF EXECUTOR.

 A direction in a will to the executors to "distribute and apportion to my wife and children * * * my estate, in such manner and such time or times as shall, in their judgment, be for the best interest of my wife and children," does not give the executors a power of allotment, under 1 Rev. St. p. 734, § 99, providing that, when the terms of the power import that the estate or fund is to be distributed in such proportions as the trustee of the power may think proper the trustees may allot the whole to any one or more of such persons in exclusion of the others.

Appeal from surrogate's court, New York county.

Proceeding for the probate of the will of James M. Conner, de-

ceased. From so much of the surrogate's decree as construed said will, Henrietta J. Conner, Charles S. Conner, and Benjamin F. Conner, individually and as executors of the will, appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON and INGRAHAM, JJ.

George W. Stephens, for appellants.

W. H. Hamilton, as special guardian of Eliza A. Conner.

Stephen C. Baldwin, for respondent Archibald Conner.

VAN BRUNT, P. J. James M. Conner, the testator, died on the 14th of July, 1887, leaving a last will and testament, executed on the 22d of March, 1887. Charles S. Conner and Benjamin F. Conner, two of the executors named in the will, offered the same for probate. A special guardian was appointed for certain of the testator's children who were infants, and a construction of the will was asked for. Thereupon such proceedings were had that the surrogate construed the will, holding that the estate of the decedent was left in equal shares to the decedent's wife and his six children. Thereafter a decree was duly entered in the surrogate's court admitting the will to probate, and construing the same as aforesaid. The executrix, Harriet A. Conner, and the executors, Charles S. Conner and Benjamin F. Conner, named in said will, duly qualified, Alfred V. Conner, the other executor named in the will, being an infant. From so much of the decree thus entered as construed the will, the said executrix and the two executors above named, individually and as such executors, appealed. The will in question is as follows:

"March 21st, 1887.

"I, James M. Conner, of the city and state of New York, do publish and declare this to be my last will and testament. I hereby direct my executors and executrix to distribute and apportion to my wife and children, viz. Josephine V. Conner, Eliza Conner, Charles S. Conner, Benjamin F. Conner, Alfred V. Conner, and Archibald Conner, my estate, in such manner and such time or times as shall, in their judgment, be for the best interest of my wife and children; giving unto my executors and executrix full power to sell such and so much of my real and personal property as they shall deem best, and to invest or distribute the proceeds of such sales as they deem best for the best interest of all. It is my wish that my two eldest sons shall carry on the type-foundry business with which I have been so many years connected, and that every assistance be given them to do so by my executors and executrix. I hereby nominate, constitute, and appoint my sons Charles S. Conner, Benjamin F. Conner, and Alfred V. Conner my executors, and my wife, Henrietta Conner, as my executrix; and it is my wish that no bonds shall be required of them, or either of them.

"Signed, sealed, and declared by the said testator in the presence of us, to be his last and only will; and at his request, and in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses.

"James M. Conner.

"March 22d, 1887."

It was written by the testator himself, who had been for many years engaged in the carrying on of a type-founding business, which business, at the time of the execution of the will, belonged to a joint-stock association, the capital stock of which was divided into 205 shares. Of these the testator owned 112, and 5 were held by each of his sons Charles S. and Benjamin F. Conner. At the time

of the death of the testator the only property which he had, in addition to his interest in the business, was a mortgage of $6,000 on premises in Beekman street; the premises in which he lived; an undivided interest in the premises at the corner of Centre and Reade streets; and an interest in property in Westchester county. This property was subject to certain charges.

It is claimed upon the part of the appellants that in pursuance of the provisions of the statute, as contained in section 99, p. 734, vol. 1, of the Revised Statutes, the executors were given the power to distribute the estate in such proportions as they might see fit, and that the will, on its face, shows that it was not intended to provide for an equal distribution. The language of the statute is as follows:

"But when the terms of the power import that the estate or fund is to be distributed between the persons so designated in such manner or proportions as the trustee of the power may think proper, the trustees may allot the whole to any one or more of such persons in exclusion of the others."

The question to be determined is whether the testator intended that the executors should have any such power, under the statutes. The intention of the testator must govern in this respect. If the terms of the will provide that the estate or the fund is to be distributed in such manner or proportions as the trustees of the power may think proper, then, of course, the statute would apply. But, if it appears from the language of the will that the intent of the testator is otherwise, then the statute cannot apply. The provision of the statute is, "But when the terms of the power import that the estate or fund is to be distributed," etc. We think that it is very clear, from a reading of the will in question, that the testator had no such intention. He did not think that it would be for the best interest of those who were not appointed executors, and of his infant children, that the executors should appoint the whole estate to themselves. And this is manifest by the language of the testator. He says:

"I hereby direct my executors and executrix to distribute and apportion to my wife and children [naming them] my estate, in such manner and at such time or times as shall, in their judgment, be for the best interest of my wife and children."

He then gives his executors the power to sell his real estate and personalty, and to invest or distribute the proceeds of such sale as they deem best for the best interest of all. Then follows a wish that his two eldest sons should carry on the type-founding business with which he had been for many years connected, and that every assistance should be given them to do so by his executors and executrix. It is for the best interest of all his children that the testator is providing; and, as already suggested, this language clearly shows that he did not think that it would be for the best interest of any of his children that the others should monopolize the whole of his estate. Furthermore, the language of the will itself does not bear the construction that there was any intention to confer any such power upon his executors. He provides that his estate shall be distributed among all his children in such manner and at such

times as his executors should, in their judgment, deem to be for the best interest of all.    His estate is to be apportioned among his wife and children.    It is not to be distributed in such manner or proportion as his executors should think best, but they are to distribute and apportion among all his children in such manner, etc.; the term "manner" applying to the method of allotment, and not to the quantity of the estate to be distributed to each.    They were to have a discretion as to the time or times when this money should be paid over, but there was no intention upon the part of the testator to give any discretion in regard to the amount.    It seems to us that, taking into consideration the manifest intention of the testator to provide for the best interest of all his children, it would certainly be a remarkable construction to say that it was the intention of the testator that these executors should feather their own nests, and leave naked his infant children.

We think, therefore, that the decree appealed from should be affirmed, with separate bills of costs to the respondents, to be paid by the appellants personally.    All concur.