Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Louis J. Altkrug, for appellants.

Louis J. Halbert, for respondent,

GAYNOR, J. The plaintiff has no case unless section 49 of what was called the statute of wills (2 Rev. St. [2d Ed.] pt. 2, c. 6, tit. 1, art. 3), which lets in children born after the making of a parent's will, applies to the will of her mother, who made her will in 1860 and died in 1876. The plaintiff, and two other children, were born after the will was made. It is urged for the appealing defendant that the said statute does not apply to wills made before it was passed, as is the case here. It was amended in 1869 (Laws 1869, p. 40, c. 22, § 1) to apply to the wills of mothers as well as of fathers, and therefore does not apply to this mother's will if the appellant be correct. The statute was meant to regulate succession to the property of decedents in all cases of after-born children, whether in the case of wills then existing or afterwards to be made. There is no vested interest in the way of construing it contrary to the legislative intention, for nothing vests under a will until it takes effect, i. e., by the death of the testator. There is no controlling decision on the subject.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

In re STEINER'S ESTATE.

Appeal of AHNER.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 460*)—ACCOUNT—PERSONS ENTITLED.

Under Code Civ. Proc. § 2725, authorizing the surrogate to require an intermediate account of an executor on return of a citation issued on a petition of a person entitled to a legacy or other pecuniary provision, testator's daughter could not require an account of the executor of her father's estate, unless she was given a legacy or other pecuniary interest by the will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1795, 1980, 1981; Dec. Dig. § 460.*]

2. WILLS (§ 675*)—TRUSTS—CREATION—PRECATORY WORDS.

A will gave all the remainder of the estate to testator's son, for the use and benefit of himself and testator's two daughters, in such proportions and manner and at such times as he should, in his discretion, deem proper, right, and advisable, the will stating that by that provision the testator meant that he had full confidence in the ability and fairness of his son and in his regard for testator's wishes, and gave him the legal title to all his property, with full discretion to use it for the benefit of himself and the other children heretofore named. *Held*, that the provision relating to testator's daughters was precatory, and left it in the son's discretion to give to them any of the property or none.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1587; Dec. Dig. § 675.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. WILLS (§ 682*)—TESTAMENTARY TRUSTS—POWERS OF TRUSTEE.

Under 1 Rev. St. (1st Ed.) p. 734, § 99, permitting a trustee to allot trust funds given to several beneficiaries to any one or more of them to the exclusion of others, where the power imports that the funds are to be divided in such proportions as the trustee thinks proper, where, under a will, testator's son could, in his discretion, divide the estate between himself and his sisters, the reference to the sisters being precatory, he could give one of the sisters nothing if he desired.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1602–1611; Dec. Dig. § 682.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of Mary M. Steiner, deceased. From an order compelling Henry M. Ahner, executor, to file an account, he appeals. Reversed, and petition denied.

Appellant is a son of the testator. The order was made on the petition of Mary M. Steiner, a daughter of the testator, under the following clause of the will, no other provision being made for her, viz.:

"Second: All the rest, residue and remainder of my estate real and personal of whatsoever kind and wheresoever situate of which I may die seized and possessed, or to which I may be entitled at the time of my decease I give, devise and bequeath to my son, Henry M. Ahner, for the use and benefit of himself, of my daughter, Mary M. Steiner, wife of Richard J. Steiner, of my daughter Elizabeth B. Steiner, in such proportions and at such times and in such manner as he, my said son, Henry M. Ahner, shall in his judgment and discretion deem proper, right and advisable. By this provision I mean that I have full confidence in the ability, integrity and sense of justice and fairness of my said son, and in his love for me and regard for my wishes, and I give him the legal title to all the property of which I shall die seized and possessed and full discretion to use it for the benefit of himself and my other hereinbefore named children, Mary M. Steiner, wife of Richard J. Steiner, and Elizabeth B. Steiner."

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Joseph Kohler, for appellant.
Charles Hentschel, Jr., for respondent.

GAYNOR, J. Unless the respondent be entitled to a distributive share, legacy, "or other pecuniary provision," of the testator's estate, she had no standing to require the executor to account. Code Civ. Proc. §§ 2725, 2726. The learned surrogate held that she is entitled to "a pecuniary provision under the will," but did not state what it is. The brief of the learned counsel for the appellant says that the second paragraph of the will leaves all of the testator's estate to the appellant, who is the testator's son and executor, "to use it for the benefit of himself and his sisters" (and then professing to literally quote the words of the will) "in such portion, in such terms, and in such manner as he * * * shall in his judgment and discretion deem right and advisable." Turning to the said paragraph the words are found to be "in such proportions and at such times and in such manner as he · * * * shall in his judgment and discretion deem proper, right and advisable." Later on in his brief the learned counsel refers to the late eminent Judge Rapallo of our Court of Appeals as "Rappolli, J." It is growing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

irksome to have such briefs and papers submitted by members of our learned profession.

When the said paragraph of the will is read in its entirety, it is found to give the legal title of the entire estate to the appellant individually, "to use it for the benefit of himself and my other hereinbefore mentioned children," which includes the respondent, "in such proportions and at such times and in such manner as he * * * shall in his judgment and discretion deem proper, right and advisable." With this, and in the doing of it by the testator, is coupled an expression of her "full confidence in the ability, integrity and sense of justice and fairness of my said son, and in his love for me and regard for my wishes." But these precatory words do not impose any legal duty or trust upon the son. All is left to his discretion. He may give such amount to his sisters as he may choose to, or nothing. Whatever he gives is of his own discretion and bounty, and not out of any obligation imposed on him by the will. Lawrence v. Cooke, 104 N. Y. 632, 11 N. E. 144. The language of the will in Re Conner's Will, 6 App. Div. 594, 39 N. Y. Supp. 900, is different. There the direction was to "distribute and apportion" among wife and children, and only the manner and time were left to the judgment of the executors, and not the "proportion" that should be given to each. The testator required them to "apportion" the estate, and that general direction meant, as is provided by statute, share and share alike. 1 Rev. St. (1st Ed.) p. 734, § 98. The next section of the statute would apply to the present case if the appellant were a trustee, and its express words uphold him in giving the respondent nothing, that being left to his discretion.

The order should be reversed and the petition denied.

Order of the Surrogate's Court of Kings County reversed, with $10 costs and disbursements, and application denied, with costs.

RICH and MILLER, JJ., concur. HIRSCHBERG, P. J., and BURR, J., concur in result.