## In the Matter of the Construction of the Will of LUCINDA E. FEENEY, Deceased.

Surrogate's Court, Westchester County, April 29, 1924.

Wills — construction — testatrix devised entire estate to sister **with** remainder to children of brother in whatever " manner " sister may direct — sister may not apply estate to her own use — intention was to give life estate to sister with remainder to nephews and niece — term " manner " applies to method of allotment and not to quantity of estate to be distributed.

A will in one sentence as follows: " I   *   *   *   give all my property both real and personal to my sister   *   *   *   to have while she lives and at her death to revert to my brother's children   *   *   *   in whatever manner my sister may see fitting," gives a life estate with a remainder to the nephews and niece rather than a fee simple absolute to testatrix's sister.

A gift of property to a person to have while she lives with immediate words of gift over of the same property does not authorize the first named to apply the property to her own use.

The term " manner " used in the will applies to the method of allotment and not to the quantity of the estate to be distributed.

PROCEEDING for construction of a holographic will.

*Estabrook & Estabrook*, for the administrator with the will annexed, petitioner.

SLATER, S. This is a proceeding to construe the will of the testatrix. The will is holographic and written in one sentence as follows:

" I Lucinda E. Feeney — being in my right mind, give all my property both real and personal to my sister, Mrs — Elizabeth Cross of Solvay — to have while she lives and at her death to revert to my brother's children, Annie, John, Martin and James Feeney — in whatever manner my sister may see fitting —''

The administrator with the will annexed suggests that the language of the whole will is entirely consistent with the vesting of a fee simple absolute in the sister, Mrs. Cross, and that the expressions used relative to the children are merely expressions of a wish or a desire regarding the disposition of so much thereof as the sister might be disposed to give to those children at the time of her death, or even before.

The court cannot agree with this contention. The will contains no precatory words. No words of wish or desire are used. Neither does the will use words even indicating that the sister may use part of the estate for her own uses, as the facts were in *Campbell v. Beaumont*, 91 N. Y. 464, referred to in memorandum of counsel; *Tillman v. Ogren*, 227 id. 495; *Matter of Enright*, 109 Misc. Rep. 337; *Matter of Hart*, Slater, S., 122 id. 124.

Neither did the provisions fall within the terms of sections 149 to 154 of the Real Property Law.

The intention was plainly stated to give a life estate to the sister with a remainder to certain definite nephews and a niece. A gift of property to a person to have while she lives with immediate words of gift over of the same property does not authorize the first named to apply the property to her own use. The subsequent words of the will are inconsistent with an intention on the part of the testatrix to confer a fee upon the sister.

I shall construe the will as granting to Elizabeth Cross a life estate with a remainder to Annie, John, Martin and James Feeney. The language of the will is entirely consistent with this construction. *Matter of Crofts*, 122 Misc. Rep. 182; *Matter of Felt*, 235 N. Y. 374.

Annie Feeney predeceased the decedent leaving her brothers John, Martin and James her heirs at law and next of kin.

A particular estate was granted to Elizabeth Cross and at its termination it will pass to or " revert " under the terms of the will to the nephews.

But what is meant by the words " in whatever manner my sister may see fitting? " It is noticeable that no power is conferred to distribute the estate in the discretion of the sister. It shall revert to the nephews in " whatever manner " the sister may see fitting. The " manner " only is left to the discretion of the sister. *Matter of Steiner*, 134 App. Div. 162. *Matter of Conner*, 6 App. Div. 594;

affd., 155 N. Y. 627, controls the instant case upon this point. The term " manner " applies to the method of allotment and not to the quantity of the estate to be distributed to each of the nephews. In this particular will it is without much force. The remainder passes to the three nephews in equal shares under the very terms of the will and without anything to be done by Elizabeth Cross, subject to her own life estate.

Submit decree in accordance with this decision.

*Decreed accordingly.*