In the Matter of the Estate of THEODORE F. MERSELES, Deceased.

Surrogate's Court, Westchester County, December 3, 1936.

*William L. Bainton*, for Christine Merseles, individually, petitioner.

*Frank P. Van Alen*, for Christine Merseles, executrix of Herbert E. Merseles, petitioner.

*Cravath, de Gersdorff, Swaine & Wood*, for the Chemical Bank and Trust Company, trustee of Herbert E. Merseles.

*James W. Bailey*, for Charles F. Simmons and John A. McNaughton, as trustees of Herbert E. Merseles.

*Kent, Hazzard & Jaeger*, for Elizabeth R. Merseles, Theodore I. Merseles, Frank L. Holt, individually and as trustees of Theodore F. Merseles, and Charles F. Simmons, as successor trustee of Theodore F. Merseles.

SLATER, S. This is a construction proceeding in which the exercise of the power of appointment is questioned.

The will of Theodore F. Merseles gives the residuary estate to trustees upon express trusts, one-half thereof to be held for the widow's life. Upon her death such portion is to be divided into two equal parts and " one of such parts shall be added to and become a part of each of the separate trusts hereby created for the benefit of each of my sons hereinafter named." One-quarter of the residuary estate is to be invested for the benefit of the son, Herbert E. Merseles, for his life. " Upon the death of either of my said sons after my death, I give, devise and bequeath that portion of my estate so set aside in trust for his benefit as aforesaid to such person or persons and in such manner as he may by a valid last will and testament duly admitted to probate, fix and appoint, or if he shall die without leaving a last will and testament, I give, devise and bequeath that portion of my estate so set aside in trust for him as aforesaid, to his heirs at law and next of kin as they are at the time of his death."

The trust of a one-half part of Theodore's estate is limited upon the life of the widow. It is the primary trust. The trust of one-quarter for Herbert is secondary. The gift of the estate in remainder is found in the power of appointment.

Herbert died on March 14, 1936, leaving a last will and testament probated in the Probate Court of Westport, Conn., on April 6, 1936. The part of his will affecting the instant question is as follows: " *Sixth*. By the paragraph numbered Eighth of the said Last Will and Testament of my father, Theodore F. Merseles, dated February 9, 1928, a portion of his residuary estate therein called ' First Portion,' consisting of one-half of his residuary estate, was given, devised and bequeathed by him to the trustees named in said will, to invest and pay the net income therefrom to my mother for life, and upon her death said portion to be divided into two equal parts, one of which parts to be added to and become a part of the ' Second Portion ' of his residuary estate mentioned in said paragraph ' Eighth,' which upon my death was given, devised and bequeathed to ' such person or persons and in such manner ' as I might by a valid last will and testament ' duly admitted to probate, fix and

appoint.' Pursuant to said power of appointment, I do give, devise, bequeath and appoint said part of said ' Second Portion ' of the said residuary estate of my father, together with all the rest, residue and remainder of my property and estate, real, personal and mixed, of every kind and wheresoever situate, which I may own or in which I may have an interest at the time of my death, including all property the devise, bequest or appointment whereof shall have lapsed or failed for any reason, to my said wife, Christine Merseles, absolutely and forever, free of any trust."

The beneficiary of the primary trust, the widow of Theodore, is living. The interest of the trustees under Theodore's will in setting up the future secondary trust ceased upon Herbert's death.

The petitioner seeks a construction of the will of Theodore F. Merseles and a judicial determination as to whether Theodore F. Merseles by his last will and testament gave to Herbert E. Merseles the power to appoint by a last will and testament one-half of the remainder of the primary trust first created for the benefit of the widow, *even though Herbert E. Merseles should predecease Elizabeth R. Merseles, the beneficiary of the primary trust.*

The testator had the right to, and did, add the primary trust estate, each one-half thereof, to the separate trusts created for the benefit of each of his two sons. (*Simpson* v. *Trust Co. of America,* 129 App. Div. 200; affd., 197 N. Y. 586; *Matter of Trevor,* 239 id. 6, 12.)

The primary trust for the life of the widow is created under section 96 of the Real Property Law and the trustee is vested with the legal estate, subject only to the execution of the trust. (Real Prop. Law, § 100; Fowler Real Prop. Law, 631.) When the purpose for which an express trust is created ceases, the estate of the trustee shall also cease. (Real Prop. Law, § 109.)

The law does not prevent a person creating a trust from declaring to whom the real property, to which the trust relates, shall belong in the event of the failure or termination of the trust, or from granting or devising the property, subject to the execution of the trust. (Real Prop. Law, § 101.)

Appointees of Herbert E. Merseles take as remaindermen in the same manner as they would have taken had they been expressly named as remaindermen by the will of Theodore Merseles. A power of appointment is an authority to do an act which the owner granting the power might himself lawfully perform. (*West* v. *West,* 215 App. Div. 285, 288.) The appointment is to be considered as though incorporated in the original will. It is a general power to be exercised by will (Real Prop. Law, §§ 131–134; Pers. Prop. Law, § 18) and, when exercised, it is construed as done by the donor of

the power. (*Matter of Flewwellin*, 122 Misc. 256, 259; *Matter of Lathers*, 137 id. 222; *Matter of Terwilligar*, 142 id. 249, 252; Real Prop. Law, § 131.)

In the instant case, Herbert was the beneficiary of the secondary trust and his power of appointment did not involve that absolute power of disposition which is equivalent to a fee. The property over which Herbert had the power of appointment was never his property. It was the property of his father.

The will of Herbert E. Merseles made a definite appointment of the remainder to his wife, Christine, by proper references to donor's will creating the power. (*Matter of Jarvis*, 152 Misc. 252, 257.)

The existence of an unexecuted power of appointment does not prevent the vesting of a future estate limited in default of the execution of the power (Real Prop. Law, § 41; Laws of 1896, chap. 547), in this case to the heirs at law and next of kin of Herbert. These rights were subject to all prior trusts and appointments, and, if the appointment is validly executed, the estate ceases. (See *Cutting* v. *Cutting*, 86 N. Y. 522; *Crooke* v. *County of Kings*, 97 id. 421; *Farmers' Loan & Trust Co.* v. *Kip*, 192 id. 266.)

A case involving similar facts, that is, the creation of a primary and secondary trust, the power of appointment in the beneficiary of the secondary trust and the beneficiary of the secondary trust dying within the lifetime of the beneficiary of the primary trust so that the secondary trust never came into actual existence, and the exercise of the power of appointment by the will of the beneficiary of the secondary trust, is *Matter of Hayman* (134 Misc. 803; affd., 229 App. Div. 853; affd., 256 N. Y. 557). The exercise of the power of appointment by will during the duration of the primary trust was not questioned. The case turned on the fact that the power of appointment placed the fund in trust for a third life. Similar facts arose in *Duff* v. *Rodenkirchen* (110 Misc. 575).

The exact question presented here was decided by Surrogate FOLEY in *Matter of Carroll* (153 Misc. 649, 653).

I know of no rule of law, or statement of public policy, which denies the right of the donee of the power to exercise it by will in the event of his death during the existence of a prior trust. It is immaterial whether or not his will becomes effective during the lifetime of the primary trust. The appointment takes place when the will of the one having the power of appointment is probated and a valid appointment is made thereunder. The remainder interest appointed is subject to all prior existing estates and rights in the property. (Real Prop. Law, § 176.)

I hold that the widow is the beneficiary of the primary trust which is still in existence; that the secondary trust is at an end because of

the death of the beneficiary of such trust; that the donee, Herbert E. Merseles, had power to appoint the remainder estate or corpus of the trust by last will and testament; that he could and did make a valid appointment by will to his wife, Christine. The power conferred upon the son, Herbert E. Merseles, was over the remainder interest, subject to the outstanding trust estate.

Submit decree in accordance herewith.