In the Matter of the Accounting of HOWARD CORLIES, as Trustee under the Will of MAUDE R. CORLIES, Deceased.

Surrogate's Court, New York County, June 15, 1951.

*W. Harry Stromenger* and *Herbert M. Olney* for trustee, petitioner.

*Harrison F. Durand, Howell D. Boyd* and *Charles L. Herterich, Jr.,* for Central Hanover Bank and Trust Company and another, as trustees under the will of Barbara C. Graves, deceased, respondents.

*Arthur M. Moritz* and *Cornelius P. Cotter* for Albert A. Hall, as general guardian of Allen R. Hall, respondent.

*Harry Russell Thayer,* special guardian for Corlies Clayburgh, an infant, respondent.

FRANKENTHALER, S. The will of the testatrix set up the entire residuary estate in trust for her husband and, after his death, for her daughter. Both survived her. The trust terminated upon the death of the daughter on August 13, 1950. The will disposes of the corpus as follows: " I direct that the entire principal of said trust fund shall be paid over to the lawful issue of Barbara Corlies Clayburgh in such manner as my said daughter may, by her will, direct, to have and to hold the same forever." The daughter expressly exercised this power of appointment in the third article of her will. She appointed one tenth of the fund to her son Corlies Clayburgh and the remaining nine tenths to her younger son, Allen Robinson Hall. Both appointees are infants. The will of the donee contains the following provision: " In the event that at any time any share of my estate and any share of any trust fund appointed by Article Third hereof shall vest in a minor, meaning a child which shall not have attained the age of twenty-one (21) years, I direct that the then acting Trustees (hereinafter called ' Donees ') shall be permitted to hold the share of such minor as a separate fund until such minor shall attain the age of twenty-one (21) years and to invest and reinvest the same, collect the income therefrom and apply so much of the net income therefrom and so much of the principal of such fund for the support, maintenance and education of said minor as said Donee shall deem advisable, and to accumulate any income not so applied, and upon such minor attaining the age of twenty-one (21) years to pay over the fund of said minor, including any such accumulated income, to him or her, but if said minor shall die before attaining the age of twenty-one (21) years, then, upon the death of such minor, to the legal representative of the estate of said minor. Said Donees shall be permitted to hold the share of said minor in the form in which it may be received

and without the giving of a bond or other security and in the investment and reinvestment of the share of said minor, including any accumulated income, said Donees are authorized to exercise all of the powers granted to the Trustees by paragraph Eighth hereof. Donees shall be entitled to receive compensation for their services at the rates allowed guardians of the property by the Laws of the State of New York.''

Two main questions are raised by the petitioner and by the guardians of the respective infant appointees: first, did the donee have the power to appoint to her two children in unequal shares; secondly, did she have the authority to designate donees of a power in trust to manage the appointive property during the minority of the infants?

The special guardian of the infant to whom the lesser share was appointed, contends that the direction in the will of the donor for payment of the corpus '' to the lawful issue '' of the daughter '' in such manner '' as the daughter should direct, is the grant of a nonexclusive power which requires the daughter to appoint in equal shares. The term '' manner '', he argues, applies to the method of allotments and not to the quantity of the estate to be distributed to each. (See *Matter of Conner,* 6 App. Div. 594; *Matter of Steiner,* 134 App. Div. 162, 164, and *Matter of Feeney,* 123 Misc. 78.) The special guardian relies upon the first portion of section 158 of the Real Property Law. The section in its entirety reads: '' Where a disposition under a power is directed to be made to, among, or between, two or more persons, without any specification of the share or sum to be allotted to each, all the persons designated shall be entitled to an equal proportion; but when the terms of the power import that the estate or fund is to be distributed among the persons so designated, in such manner or proportions as the grantee of the power thinks proper, the grantee may allot the whole to any one or more of such persons in exclusion of the others.''

The text of the first part of section 158 was formerly section 98 of the Revised Statutes. (Rev. Stat. of N. Y., part II, ch. I, tit. 2, art. 3.) The remaining text, following the semicolon, was formerly section 99. In *Matter of Skidmore* (148 Misc. 569) Surrogate DELEHANTY discussed the history of these statutes and the case law of New York preceding and following their enactment, and he concluded that authorities cited by him '' are decisive that in New York the exercise of an exclusive power, * * * is not governed by the statutory rule of equality of benefit stated in section 98 of the Revised Statutes (now section 158 of the Real Property Law) ''. (P. 578.) Whether the

donee under the will of this testatrix was empowered to exclude any of her lawful issue and to determine the quantum of the shares of each, or whether she was empowered to determine only the method of payment of equal shares are questions that depend for their answer on the intent of the donor as manifested in her will.

It seems clear that the power to appoint '' in such manner '' as the daughter directed was intended to permit her to choose such of her issue as she desired and to fix the quantum of their shares. The grant of the power of appointment is followed immediately by the text: '' In the event of the failure of my daughter * * * to exercise such *power of appointment,* then I direct the entire principal of said trust fund shall be paid over to the issue of Barbara Corlies Clayburgh, per stirpes and not per capita, *in equal shares,* to have and to hold the same forever.'' (Emphasis added.) Thus the testatrix has granted a '' power of appointment '' to her daughter and then, in default of the exercise of such power, has herself fixed the proportions. Reading the two provisions together, it is impossible to escape the conclusion that the daughter was given the power to fix the amount of the shares and to include or exclude any member of the class.

If what the testatrix called '' such power of appointment '' did not authorize the donee to select among the objects and to fix the shares, it is difficult to see what power it granted. The absolute ownership of the fund would have been suspended for two lives at the donee's death. The suspension of absolute ownership during a further life would not have been valid. (Personal Property Law, § 11.) The special guardian's interpretation of the will would make the grant of the power a wholly useless gesture.

The general guardian of the other appointee contends that the daughter of the testatrix had power only to fix the proportions and was without authority to withhold immediate possession from the appointees. He argues that the larger share of the appointive property must be turned over to him as guardian of the property of the infant.

It is not disputed that the appointment vested absolute ownership of the property in the infants. The obstacle to their immediate possession, use and enjoyment of the property is interposed by the law, not by the appointment. The will of the donee recognizes that fact; it did not create the incapacity of infancy. The law specifies the time when the infants may come into full and unrestricted possession of their shares. The appointment

merely directs the manner of preserving and using the property until that time arrives. The authority to direct the manner of preserving and enjoying the property until unrestricted possession could be enjoyed, was plainly within the terms of the power.

The court holds that one tenth of the principal of the trust vests indefeasibly in Corlies Clayburgh and that the remaining nine tenths vests indefeasibly in Allen Robinson Hall. The donees of the powers in trust named in the daughter's will must qualify in the estate of the testatrix and must administer the property in this estate in the manner specified in the appointment. (*Matter of Moyse,* 188 Misc. 1030 and cases cited therein.)

The principal receiving commissions have been incorrectly computed. A corrected computation must be submitted. The guardians have reported only on the questions of construction. They should promptly report on the account presented by the trustee. After the determination of any questions raised therein, a decree may be submitted, on notice, construing the will and settling the account.