S. Samuel Di Falco, S.
The sole surviving trustee presented a final accounting which the representatives of the two deceased trustees have adopted. Testator died on January 21, 1951. In paragraph Third of his will dated July 31, 1945, he created a trust of 35% of his residuary estate for the life of his brother, Maurice K. Gottfried, but not longer than seven years after testator’s death. He directed that the income of said trust be paid to his brother and two sisters in fixed proportions.
Testator then provided in said paragraph Third of his will as follows:
* ‘ At the expiration of such seven year period after my death, or upon the death of my said brother, maubice k. gottebied, during said period, my trustees shall distribute the principal of the trust fund as follows:
“ One-third (%) thereof to the children of my brother, MAUBICE K. GOTTEBIED;
“ One-third (%) thereof to the children of my sister, saba g. EHBMAN;
“ One-third (%) thereof to the children of my sister, jane g. PBINCE.
*576 “ Such distribution shall be made by the payment or transfer by my trustees to my said brother, matjrice k. gotteried, of the share of his children, to my sister, sara g. ehrman, of the share of her children and to my sister, jane g. prince, of the share of her children. My said brother and sisters shall thereupon divide such shares among their respective children in such proportions as they, the said parents, shall in their discretion, determine. In the event that my said brother or my said sisters or either of them shall not then be living, I direct my trustees to pay the share of the children of the one or more of them who shall then be deceased, to the spouse of said deceased brother or sisters and said spouse shall then make the division among her or his respective children and shall determine the proportions of each child in such division.
‘ ‘ I direct my trustees to divide in equal parts, per stirpes, the share of any children both of whose parents shall have died prior to the termination of this trust.”
Testator'was survived by his brother Maurice and his two sisters, all of whom are still alive. In accordance with the aforesaid direction in paragraph Third of the will, testator’s sisters advised the surviving trustee as to the distribution of the one-third share given to each of their children. Testator’s brother did not so advise the trustee. Because of the failure of such direction, an intermediate decree was signed on August 27, 1963 based on a decision appearing in the New York Law Journal of August 13, 1963 (p. 6, col. 4), granting certain relief to the petitioner but reserving the determination of the disposition of the share of the children of testator’s brother.
Maurice K. Gottfried has three children. One is an adult and married. The other two are infants. Subsequent to the entry of the aforesaid intermediate decree, Maurice requested the surviving trustee to pay the entire one-third share to his adult daughter. The question of the validity of such request is now presented on this supplemental application. The special guardian for the two infant children of Maurice opposes the request as an abuse of the limited discretion given to Maurice in the will and asks that the court divide the share equally among the three children.
Maurice K. Gottfried relies upon section 158 of the Beal Property Law as justifying his designation of his adult daughter to receive the entire share of the corpus of the trust. Said section reads as follows: 1 ‘ Where a disposition under a power is directed to be made to, among, or between, two or more persons, without any specification of the share or sum to be allotted to each, all the persons designated shall be entitled to an equal *577 proportion; but when the terms of the power import that the estate or fund is to be distributed among the persons so designated, in such manner or proportions as the grantee of the power thinks proper, the grantee may allot the whole to any one or more of such persons in exclusion of the others.”
The first part of said section as to the equality of distribution was derived from section 98 of the Revised Statutes (part II, ch. 1, tit. 2, art. 3). The second part after the semicolon is derived from section 99 of said Revised Statutes (Matter of Skidmore, 148 Misc. 569; Matter of Corlies, 201 Misc. 755). It has been stated that section 158 was evidently designed to make all special powers exclusive in the absence of an express direction to the contrary (31 N. Y. U. Law Rev., p. 1465).
It has been held that the use of the words “ amongst ” or “ apportioned ” is an indication of a nonexclusive power and that it is governed by the first part of section 158 which provides for equal distribution (Matter of Conner, 6 App. Div. 594, affd. on opinion below 155 N. Y. 627; cf. Matter of Skidmore, supra; Matter of Corlies, supra). In Matter of Conner (supra) where testator directed his executors ‘£ to distribute and apportion ’ ’ the estate to his wife and children (naming them) “ in such manner and such time or times as shall in their judgment be for the best interest of my wife and children ”, the Appellate Division stated that it was his intention that the estate “is to be apportioned amongst his wife and children ”. The holding of the Surrogate that the estate was left in equal shares to decedent’s wife and six children was affirmed. “ And if the language of the will is uncertain or equivocal, and the judicial conscience is left in doubt as to the testator’s intention, it seems that a power to appoint to a class or family group, or among persons who presumably had equal claims upon the testator’s bounty, will be construed to require an equal division or distribution.” (2 Davids, New York Law of Wills, § 731.)
The one-third share herein was given by the testator to the children of Maurice. This fact distinguishes it from Matter of Steiner (134 App. Div. 162) where the gift was to a person followed by precatory words placing no obligation upon him, and from Matter of Barbot (144 N. Y. S. 2d 809) where the exercise of a limited power of appointment was involved. In view of the fact that the testator herein directed his sisters and brother to “ divide such share among their respective children in such proportions as they, the said parents, shall in their discretion determine ” (italics supplied), the court holds that Maurice K. Gottfried cannot allocate the entire share to one child. In the opinion of the court the first part of section 158 *578 of the Real Property Law applies herein and distribution of the share involved should be paid in equal parts to the three children of Maurice K. Gottfried.
The court wishes to note that, although the affidavit was not determinative herein, the decision now made appears to carry out the intent of the testator as evidenced by the affidavit of the draftsman of the instrument being construed. He states that two previous wills of the testator provided for division among the children of Maurice K. Gottfried without any discretion to the parent to make any allocation among the children. The draftsman suggested the change in the probated instrument and had in mind that ‘ ‘ such discretion was to be exercised equitably and fairly and not arbitrarily or to the exclusion of any one of said nieces and nephews.” The draftsman further states that it was not the testator’s “ intention that any of them (nephews and nieces) be wholly deprived of their share of his estate ”.
The compensation of the firm of attorneys, of which petitioner is a member, is now fixed in the amount requested.