S. Samuel Di Palco, S.
In this construction proceeding, a determination is requested that the power of appointment granted to testatrix’ sister, Johanna Marie McKenna, by article fifth, paragraph E of the will of the testatrix, Julia McKenna Stevenson, permits its exercise at this time to the extent of $200,000 in favor of James V. O’Brien, a nephew of the testatrix.
Testatrix died in 1964. Under article fifth of the will, the entire residue is left in trust with the petitioner as trustee, *620 to be held until the death of the sister. During her lifetime she is entitled to receive the first $10,000 of annual income. The balance of annual income is distributable to the sister, to Katherine Sayers, the decedent’s niece, to Reagan Sayers, the niece’s husband, and James V. O’Brien, the decedent’s nephew. The amount of income is payable in such proportions and amounts as the corporate trustee in its uncontrolled discretion shall determine. Any income not so distributed is to be accumulated and added to the principal of the trust. The corporate trustee is also granted the right to invade the principal for the benefit of the sister in such amounts as it deems necessary for her maintenance, comfort and support. According to paragraph D of article fifth, on the death of the sister, the principal of the trust is distributable as follows:
“ One-third thereof to said Katherine Sayers or, if not living on the termination of said Trust, to her descendants per stirpes or, in default of such descendants, to George Junior Republic Association, Inc.
“ One-third thereof to said Reagan Sayers or, if not living on the termination of said Trust, to his descendants per stirpes or, in default of such descendants, to George Junior Republic Association, Inc.
“ One-third thereof to said James Y. O’Brien or, if not living on the termination of said Trust, to his descendants per stirpes or, in default of such descendants, to George Junior Republic Association, Inc.”
Paragraph B of article fifth principally the subject of this construction goes on to say: “ I give and grant to my said sister, johanna marie mokenna, during her lifetime, the power to appoint, at any time and from time to time, such amounts of principal as she may determine to and among my said niece, katherine savers, my said niece’s husband, -reagan savers, and my said nephew, james o’brien, and, upon any such appointment, my Trustees shall pay such appointed amounts of principal to the persons designated in such appointment. In case my said sister should, at any time or from time to time, be unable, by reason of physical or mental incapacity, to exercise the power of appointment contained in this Section E, I give and grant to my corporate Trustee, during the period of ¡such incapacity, the power to appoint such amounts of principal, up to a total of Thirty thousand dollars ($30,000) per year, as my corporate Trustee may determine, to and among the persons named in this Section E, and, upon any such appointment, my corporate Trustee shall pay such appointed *621 amounts of principal to the persons designated in such appointment. As evidence of the incapacity of my said sister, my corporate Trustee may rely on a written certificate of my said sister’s physician or any other physician acceptable to my corporate Trustee.”
By an instrument of appointment executed on May 7, 1971, the sister in exercise of the power given her under paragraph E of article fifth granted and appointed to James V. O’Brien $200,000 of the principal of the residuary trust. The present value of the corpus is $496,000, so that the appointment in fact exceeds one third of the trust.
The respondent George Junior Republic Association, Inc., a charity, claims that by virtue of the provisions of article fifth, paragraph D above set forth, it is indefeasibly vested with a remainder interest of two thirds of the corpus of the decedent’s residuary trust estate and that the charity is further interested as contingent remainderman of the remaining one third thereof bequeathed to James V. O’Brien and that it is only the latter interest that is subject to the valid exercise of a power of appointment. The charity argues that the power of appointment must be construed as nonexclusive, that the donee of the power may only appoint one third, or less, of the corpus of the trust to James V. O’Brien, now or in the future, The charity argues that two thirds pass to the George Junior Republic Association, Inc., as indefeasibly vested remainderman thereof, upon death of the life income beneficiary; and one third to James V. O’Brien, or his descendants per stirpes, in default thereof, or valid appointment, to said charity.
In analyzing this will, it is necessary for the court to first determine the nature of the charity’s interest in this estate. The charity has a future estate. According to EPTL 6-5.2, which re-enacted section 41 of the Real Property Law without substantive change, the existence of an unexecuted power of appointment does not prevent the vesting of a future estate limited in default of the execution of the power. In Matter of Merseles (161 Misc. 454, 457) the Surrogate of Westchester County wrote: ‘ ‘ The existence of an unexecuted power of appointment does not prevent the vesting of a future estate limited in default of the execution of the power (Real Prop. Law, § 41; Laws of 1896, chap. 547), in this case to the heirs at law and next of kin of Herbert. These rights were subject to all prior trusts and appointments, and, if the appointment is validly executed, the estate ceases. (See Cutting v. Cutting, *622 86 N. Y. 522; Crooke v. County of Kings, 97 id. 421; Farmers’ Loan & Trust Co. v. Kip, 192 id. 266.) ”
Accordingly, the rights of the charitable remainderman in this case cease if this appointment has been validly executed. A determination as to whether the power was validly exercised requires consideration of the nature of the power. The relevant statutes are:
‘ ‘ EPTL 10-3.2 Classification of powers of appointment as to kind; general and special; exclusive and non-exclusive. * * * (d) A special power of appointment is exclusive if it may be exercised in favor of one or more of the appointees to the exclusion of the others.”
‘ ‘ EPTL 10-6.5 Exercise of exclusive and non-exclusive power of appointment, (a) Unless the donor expressly provides otherwise: (1) The donee of an exclusive power may appoint all or any part of the appointive property to one or more of the appointees to the exclusion of the others. (2) The donee of a non-exclusive power must appoint in favor of all of the appointees equally.”
Article 10 of EPTL enacted in 1966 and effective September 1,1967 enacted for the most part without substantive change article 5 of the Real Property Law relating to powers. Most of the changes are in form and are keyed to the drafting pattern of the new law. Section 167 of the Real Property Law says that the statute applies to powers of appointment whether created before or after June 1, 1965 (L. 1964, ch. 864). The provisions of EPTL 14L-1.1 (subd. [b], par. [2]) make applicable the provisions of EPTL 10-3.2 and 10-6.5 above quoted to the will of this decedent even though she died in 1964. In any event, no party raises any question as to the constitutional validity of the retroactive effect of these statutes and all parties herein in fact cite these sections as being relevant to this decedent’s will.
Under the clear language of the statute, if the power is an exclusive power whereunder the donee may exercise in favor of one or more appointees to the exclusion of others, the nephew should prevail. If the power is nonexclusive, it must be exercised in favor of all appointees equally, and the charitable remainderman’s position should be sustained.
EPTL 10-6.5 relating to the exercise of exclusive and nonexclusive powers of appointment has its source in section 151 of article 5 of the Real Property Law effective June 1, 1965. This section as explained above is applicable to powers of appointment created before that date. In the Third Report *623 of the 'Commission on Estates (N. Y. Legis. Doc. 1964, No. 19, Appendix 0, p. 623) there is the following Comment: “ This proposed new section embodies the approach of the common law as formulated in the Restatement of Property § 360, rather than the viewpoint now expressed in present section 158. The present statute loads the dice in a manner favorable to the non-exclusive power. The proposed new section, particularly in the second sentence of subsection 1, loads the dice in a manner favorable to the finding of an exclusive power. It is believed that this is closer to the normal intent of a modern creator of a special power.”
Section 360 of the Restatement of Property takes the position that in the absence of a contrary intent the inference is that the donor of a special power desired it to be exclusive. The theory behind this is that the donee is usually endowed by the creator of the power with flexibility of discretion in the exercise of the power on the basis of the facts as they appear and are relevant to the donee at the time the appointment is made. This is the purpose and value of a power of appointment. This view has been shared by others (3 Powell, Real Property, par. 398; 5 American Law of Property, § 23.57; Ann. 69 ALR 2d 1285, 1288, and 1289).
Professor Richard R. Powell, a distinguished author, was a research counsel to the Commission on Estates. He wrote Appendix 0 of the Third Report (supra). Professor I. Leo GHasser, another counsel, in a learned Practice Commentary (McKinney's Cons. Laws of N. Y, Book 17B, EPTL 10-6.5 Supp., 1971-72, pp. 115, 116) states: “ The preference in favor of exclusive powers which was specifically stated in the former RPL § 151 is not reflected in this section. The omission should not be regarded as a change in the law and a finding should still be made that the donor intended a special power to be exclusive in the absence of a specific direction to the contrary. * * *
‘1 There would appear to be no valid reason for creating a non-exclusive power. If the donor intended each of the designated objects of the power to receive a minimum share of the appointive property, he would be well advised to make an absolute gift of that amount to each of them and as to the balance give the donee an exclusive power. See Simes and Smith, The Law of Future Interests (2d ed. 1956) § 982; 5 American Law of Property § 23.57 ; 3 Restatement, Property § 360, comment d. See also, Howe, Exclusive and Non-Exclusive Powers and *624 the Illusory Appointment, 42 Mich. L. Rev. 649 (1944); 100 A.L.R. 343.”
The resolution of the problem presented by this case might perhaps have been simpler, if the preference in favor of exclusive powers specifically stated in former section 151 of the Real Property Law was left undistributed. See Professor Rohan’s discussion of the test of when a power is exclusive (9B N. Y. Civ. Prac., par. 10-6.5[1] [a]).
■ This court reads the change in section 151 of the Real Property Law as one of form only and not substance.
EPTL 10^6.5 specifically says: “ Unless the donor expressly provides otherwise ” the power is exclusive. This court finds nothing to the 'Contrary in this will. A careful reading of the testamentary document reveals a desire to favor her family over the charitable remainderman. In the light of the presumptions mandated by the language of the statutes applicable to the exercise of this power of appointment a finding is required that this power is exclusive.
Absent the presumption in favor of an exclusive power the court would reach the same result by reading the entire will with the purpose of finding this testatrix’ dominant plan of disposition. The charity was only named to provide for a complete disposition and to avoid intestacy in the event that the power was not validly exercised.
Some of the guideposts of this will to testamentary intent are: the direction in article fifth, subdivision E, that the sister Johanna may appoint, “ at any time and from time to time, such amounts of principal as she may determine to and among” the niece, the niece’s husband and the nephew, “and, upon any such appointment, my Trustees shall pay such appointed amounts of principal to the persons designated in such appointment ”.
An intent that an appointment must be in equal amounts is hardly to be inferred from this language, especially when this grant of power to the sister is followed by a more limited grant of the power of appointment given in the case of physical or mental incapacity of the sister to the corporate trustee. In this latter instance, the power is specifically limited to appoint only “ amounts of principal, up to a total of Thirty thousand dollars ($30,000.) per year, as my corporate Trustee may determine, to and among the persons named in this Section E, and, upon any such appointment, my corporate Trustee shall pay such appointed amounts of principal to the persons designated in such appointment.”
*625 The testator further says: “ my corporate Trustee may determine to make such payments or applications in equal or unequal amounts among said persons, and may, at any time and from time to time, exclude any of said persons from any benefits hereunder if my corporate Trustee is satisfied.” Throughout this will, testatrix favors her family. It is an unreasonable inference that this testatrix would give a corporate trustee any more discretion than she would give her sister. The desire to favor her family before the charity is manifest throughout.