KLEIN, Judge.
Mary Jane Ferrell, who died in 1974, gave her husband a power of appointment to be exercised by will, instructing him to divide trust assets “among my descendants in such manner and in such unequal proportions as he shall see fit.” Mary’s husband, Robert, who died in 1995, exercised the power of appointment and excluded one of their daughters. The daughter, Patricia, filed this suit, claiming she could not be excluded and that the exercise of the power was therefore invalid. We affirm the trial court’s decision that Patricia could be excluded.
Both sides agree that this case involves a special power of appointment because the donor of the power designated a specific class, her descendants, as the objects of the power. Estate of Stewart v. Caldwell, 271 So.2d 754 (Fla.1972). What they disagree on, however, is whether the power is exclusive, i.e., whether the donee (Robert) could exclude persons in the class. The appellees, who are brother and sister of the appellant, persuaded the trial court that the power was exclusive, and that their father was therefore not required to include appellant in the distribution of the trust proceeds.
Although there is a dearth of authority in Florida on the question of whether a power of appointment is exclusive or nonexclusive, the modern trend is that unless the donor manifests a contrary intent, a special power of appointment is exclusive, allowing the donee to exercise it in favor of any of the objects, to the exclusion of others. 62 Am. Jur.2d, Powers of Appointment § 183 (1990).
This trend developed as the result of the experience of the courts in having to deal with powers of appointment which were nonexclusive. As the leading case of Moore v. Emery, 137 Me. 259, 18 A.2d 781, 791 (1941), explains, the problem with a non-exclusive power is how much is the minimum amount that must be left to any member of the class in order for the appointment to be valid? Historically, at law, a nominal amount, for example, one dollar, would satisfy the requirement that all members of the class be included. Id. 18 A.2d at 789. Subsequently, equity intervened and held that the share given every member of a non-exclusive class must be “substantial and not illusory.” Id. at 789. That rule was unworkable because it put the burden on the donee of the power to try to figure out how little could be directed to a nonfavored member of the class. If a court later determined that amount to be illusory, the entire power of appointment would fail. Id. at 789. England solved that problem by abolishing the equitable doctrine by statute, leaving the rule at law that a nominal amount would satisfy the requirement. Id. at 789.
In Moore, the donor had empowered his daughters, by their wills, to dispose of the principal of trusts set up for their benefit by appointing the property to the donor’s “descendants.” The court concluded, after acknowledging that other courts had determined that similar language created a non *502 exclusive power, that this power was exclusive.
Moore was followed by Harlan v. Citizens Nat. Bank of Danville, 251 S.W.2d 284 (Ky.1952), in which the court relied on Moore, as well as the Restatement of Property § 360 (1940), which provided:
[t]he donee of a special power may, by an otherwise effective appointment, exclude one or more objects of the power from distribution of the property covered thereby, unless the donor manifests a contrary intent....
See also Frye v. Loring, 330 Mass. 389, 113 N.E.2d 595 (1953); National State Bank of Newark v. Morrison, 7 N.J.Super. 333, 70 A.2d 888 (N.J.Super.Ch.1949).[1]
The Restatement (Second) of Property § 21.1 (1986) provides:
The donee of a power of appointment in exercising the power may exclude one or more of the objects from receiving an interest in the appointive assets unless the donor specifies the share of the appointive assets from which an object may not be excluded. If the donor does not specify any such share, the power is exclusive.
As comment “a” to the Restatement (Second) explains, the primary purpose of a power of appointment is to give flexibility to meet changing conditions, and the less the donee of the power is restricted in the selection of the objects who will benefit, the greater the flexibility.
We hold that a power of appointment is exclusive, unless the donor expressly manifests a contrary intent.[2] Applying that principle here, and finding no intent manifested by the language in the testator’s will to restrict the power of appointment so that it is non-exclusive, we conclude that appellant could properly be excluded.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
GUNTHER, C.J., and FARMER, J., concur.

. Appellant relies primarily on cases from the courts of New Jersey and New York which are not persuasive. The New Jersey cases are Beattie v. Adams, 123 N.J.Eq. 367, 198 A. 201 (N.J.Ch.1938) and Hopkins v. Dimock, 138 N.J.Eq. 434, 439, 48 A.2d 204 (Ch.1946), affirmed, 140 N.J.Eq. 182, 52 A.2d 853 (E. & A. 1947). Both of those cases predated Morrison, in which New Jersey adopted the position of Restatement, section 360. One of the New York cases on which she relies, In re Gottfried’s Estate, 41 Misc.2d 575, 245 N.Y.S.2d 948 (N.Y.Sur.1963), was decided before New York adopted, by statute, the rule that a power of appointment is exclusive “[u]nless the donor expressly provides otherwise." See In re Stevenson’s Estate, 68 Misc.2d 619, 327 N.Y.S.2d 768, 772 (N.Y.Sur.1971), affirmed, 39 A.D.2d 1015, 333 N.Y.S.2d 985 (N.Y.A.D.1972). The other New York case cited by appellant, In re Weinstein’s Will, 111 Misc.2d 860, 444 N.Y.S.2d 427 (N.Y.Sur.1981), is contrary to appellant's position.

. We decline, at the present time, to adopt the Restatement (Second), which gives the donee even greater flexibility, not because we do not agree with it, but rather because it is unnecessary to consider it under these facts. One of our concerns regarding the adoption of that rule would be the fact that it would be applicable to powers of appointment drafted years before it was adopted. On the other hand, if the legislature adopted it as part of our probate code, it could do so prospectively.