## No. 9914.

ROEBER ET AL. v. CORDRAY.

Decided June 6, 1921.

Will contest. Judgment for proponent.

### *Reversed.*

1. WILLS—*Contest—Burden of Proof.* In a will contest, an instruction which places upon the contestant the burden of proving a want of testamentary capacity is wrong and constitutes prejudicial error.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Mr. M. D. VINCENT, Mr. C. T. VINCENT, for plaintiffs in error.

No appearance for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THIS matter is before us on error to a judgment of the district court in the contest of a will, in which judgment was entered for the proponent. Contest was made upon the ground that the testator did not have testamentary capacity, and that the will was the result of undue influence on the part of the defendant in error, the sole beneficiary under the will.

The court instructed the jury that "the burden of proof in this proceeding rests upon the contestants, both on the issue of testamentary capacity, and on the issue of undue influence; and unless you find by a fair preponderance of the evidence either that Louis H. Roeber at the time of the making of this will was mentally incompetent to make a will, or that Viola Cordray at that time exercised such influence over him that he was coerced by her into making a disposition of his property contrary to his own inclination and judgment, then the judgment should be to sustain the will."

Plaintiffs in error contend that this instruction is contrary to the law.

We think this contention is correct.

By offering the will for probate the proponent, in effect, asserted that it was executed by Roeber at a time when he was of testamentary capacity. This proposition has the benefit of the presumption of sanity which the law raises. The presumption being one of fact, it is only a matter of evidence, and does not in any sense relieve the proponent of the obligation to establish by a preponderance of evidence the affirmative of the issue tendered. If no evidence to the contrary is introduced, a case is made, but if such evidence be introduced the question then is whether upon the whole evidence, including this presumption, the burden of proving the affirmative has been sustained.

If the evidence be evenly balanced, the finding will be for the contestant. *Clifford v. Taylor,* 204 Mass. 358, 90 N. E. 862; *Young v. Miller,* 145 Ind. 652, 44 N. E. 757.

In the last cited case the court said:

"A prima facie case, made by the plaintiff, must always stand unless its force is broken by the defendant's evidence; but the defendant is never required, under the general denial, to negative the truth of the plaintiff's prima facie case by a preponderance of the evidence. If, upon the whole evidence, the plaintiff does not have a preponderance, the defendant must recover. If the scales are equally balanced, the plaintiff must fail. It is perfectly clear, therefore, that to break the force of a prima facie case it is not necessary that the contrary shall be established by a preponderance of the evidence, but that it is sufficient if, from the evidence pro and con, the plaintiff cannot be said to have a preponderance upon his side of the issue."

So far then as this instruction places upon the contestants the burden of proving a want of testamentary capacity, the instruction is wrong, and was undoubtedly prejudicial.

The judgment is accordingly reversed.

MR. JUSTICE BAILEY, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE ALLEN concur.