No. 16,436.

ESTATE OF GABRIEL.
ECCLES *v.* GABRIEL.
(227 P. [2d] 344)

Decided January 22, 1951.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. CLIFFORD W. MILLS, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

July 16, 1948, one John H. Gabriel executed his last will and testament naming C. E. Eccles and William Joseph Gabriel executors thereof. On September 13, 1948, the said will was admitted to probate following the death of said testator.

William Joseph Gabriel filed his petition in the probate court requesting construction of paragraph fifth of the will. He alleged that said paragraph was ambiguous and that the rights of persons named therein were uncertain. The petition contained the allegation, "That said paragraph is illegal in part if not in its entirety."

The paragraph of the will, concerning which construction was sought, reads as follows:

"I direct that all stock, money or interest now held by the Ideal Finance Company belonging to me shall be turned over to the said Alma Gabriel Sylvester and the said William Joseph Gabriel with express instructions and understanding that they shall allow the said interest in said Ideal Finance Company to be managed in all particulars satisfactory to him by Chester E. Eccles, who joined with Mina Stone Gabriel and myself in organizing the said corporation and establishing the said business and who has made a continued success of it since, and in the event that either my said niece or nephew decide to sell his or her interest in said company they shall give the said Chester E. Eccles the absolute right to purchase the said interest at a reasonable appraised valuation thereof, giving to him such reasonable time as to him may seem necessary to carry out the said purchase. Will record 34 page 329. It is my particular aim that Chester E. Eccles shall be permitted to continue to operate and manage the said business as he has in the past with my full knowledge and consent; and that all compensation in the way of dividends or returns to be paid on my said interest in said business shall be determined as in the past, by mutual agreement in a harmonious

way, and be divided equally between my said niece and nephew."

The probate court construed the will and Eccles appealed from the judgment entered. Upon trial of the appeal in the district court, as in the probate court, only the two executors appeared, each contending for a construction at variance with that sought by the other. No persons other than the two executors were made parties to the proceedings resulting in the construction of the questioned portion of the will, and, so far as the record shows, no notice of the pendency of the petition for construction was served upon any person whose interest would be affected by the judgment sought.

The residuary clause contained in said will reads as follows:

"Fourth

"I direct that the rest, residue and remainder of my estate, real, personal and mixed, including my policies of insurance, shall be divided two-fifths thereof to Alma Gabriel Sylvester, now of Los Angeles, California, and two-fifths thereof to my nephew, William Joseph Gabriel, of Denver, Colorado, and one-fifth thereof to my niece, Helen Gabriel Manzaro, now of Miami, Florida; and I direct that her portion of said estate be paid in cash or a trust fund as my executors may decide."

From this clause it appears that a niece of the testator, Helen Gabriel Manzara, is named to receive one-fifth of the residuum. She is not mentioned elsewhere in the will. She has a definite interest in any construction of the will which might reduce the assets subject to final distribution as a part of the residuary estate. Notwithstanding the fact that no notice was given this necessary party, the trial court, in construing the will, determined not only the validity of the attempted limitations upon the ownership of whatever assets the testator had in mind, but also fixed the identity of the subject matter of the intended gifts. This determination was made in

the complete absence of any evidence other than the will itself.

The trial court adjudged, under paragraph fifth of the will, that, "all stock, money, or interest of the deceased, John H. Gabriel, in the Ideal Finance Company at the time of his death was bequeathed to Alma Gabriel Sylvester and William Joseph Gabriel * * *." The language employed by the testator did not identify specific assets constituting the subject matter of the bequest. He described the property only as being "stock, money or interest *now held by the Ideal Finance Company belonging to me* * * *." (Italics supplied.) In the construction of a will words and phrases used therein must be given their familiar, usual and generally accepted meaning.

In the absence of evidence relating to the identity of any "stock, money or interest" which was held by the company belonging to testator, and in the complete absence of evidence apart from the will itself which might clarify any uncertainty concerning the intention of testator arising from the paragraph as a whole, the trial court erred in holding that the language of the will itself was sufficient to bequeath all stock in the Ideal Finance Company which was owned by the testator. In *Re Estate of Paulsen,* 113 Colo. 373, 158 P. (2d) 186. Before such a determination could properly be made by the trial court, notice to the residuary legatee, Helen Gabriel Manzaro, was necessary, since her interest as residuary legatee is adversely affected by such construction, and no determination thus operating to her prejudice would be binding unless she becomes a party to the controversy. This conclusion is fully supported by 69 C.J., p. 882, §2015, from which we quote the following:

"In accordance with well settled principles elsewhere considered on a bill for the construction of a will, all persons who are interested in the subject matter of the suit and whose interests will necessarily be affected by the construction of the will and the decree rendered

in accordance therewith are not only proper, but necessary and indispensable, parties, except perhaps 'in exceptional cases where the rights of such parties can in no event be prejudiced, and justice will be served, by their answer.' This is so not only because they should be afforded an opportunity to assert or defend their rights, but also to enable the court to render a decree by which they are concluded, and finally to adjudicate the controversy. As was well said: 'The construction of a will without the presence before the court of parties to be affected by the construction would be a mere academic deliverance—a sort of moot court opinion.' On the other hand, in accordance with well settled principles elsewhere considered, persons having no interest in the subject matter of the suit and no rights which will be affected by the construction of the will are neither necessary nor proper parties to a bill for construction."

For the foregoing reasons the judgment is reversed and cause remanded, with instructions to the trial court to determine what particular stocks, moneys or interest were being held by the company for the testator at the time of his death. If no such assets were thus being held, and after notice to the residuary legatee, the trial court shall proceed to hear such evidence as may be offered bearing upon the intention of testator in the identification of the subject matter of the intended bequest. In the event that no satisfying evidence is submitted in this connection sufficient to clarify the ambiguity and uncertainty which is most apparent, the court shall hold said fifth paragraph to be null and void, and of no force and effect.