No. 21203.

Marlissa K. Goday, by her next friend, Mother and natural guardian, Gladys Albright *v.* Estate of Nathan Goldberg, also known as Nathan E. Goldberg, Deceased.

(424 P.2d 762)

Decided March 13, 1967.

Samuel J. Eaton, for plaintiff in error.

Sterling & Sterling, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

ONE Nathan Goldberg died on July 6, 1963, leaving a will dated February 1, 1958, which was admitted to probate on August 12, 1963. Provisions of the will which are pertinent to this controversy are as follows:

"I give and bequeath the sum of Five Thousand dollars ($5,000.00) to each of my lawfully begotten grandchildren living at the time of my death, specifically excepting, however, any children born to my son, Maurice L. Goldberg, also known as Maurice L. Goday, prior to the execution of this, my last will and testament. * * *"

In the trial court the plaintiff in error sought to obtain payment of $5,000 under the foregoing paragraph of the will, notwithstanding that she was admittedly the daughter of Maurice L. Goldberg, also known as Maurice L. Goday; that she was born prior to the execution of the will by the testator; and that she was born out of wedlock. The trial court denied her claim to share in the bequest contained in the above-quoted paragraph of the will for the reason that it was the manifest intention of the testator to exclude her from any right to share in the assets of his estate.

In three other places in the will there is language clearly indicating an intention on the part of the testator to exclude plaintiff in error from becoming the recipient of any share in his estate. The clause which refers to contingent remainders contains the following: "* * * provided that as to my said son, Maurice L. Goldberg, the said sum shall be paid only to his children born in lawful wedlock subsequent to the date of execution of this, my last will and testament."

Two other similar exclusionary clauses are to be found in the will, which leave no doubt whatever concerning the intent to cut off the plaintiff in error from any right to become a beneficiary under the will.

174

In *Eccles v. Gabriel*, 123 Colo. 229, 227 P.2d 344, this court stated, *inter alia*: "In the construction of a will words and phrases used therein must be given their familiar, usual and generally accepted meaning." It would require an unusual and highly strained construction of the words used in the will in the instant case for this court to hold that the testator intended to bestow a bequest of $5,000 upon the plaintiff in error.

It is argued that the trial court erred in refusing to require payment of attorney's fees to counsel for plaintiff in error, and that error was committed in that no notice or citation to attend probate of the will was served upon her. There is no merit to either argument.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.