483 P.2d 1364 (1971)
In the Matter of the ESTATE of Mary C. MURPHY, Deceased.
Lawrence MURPHY and Raymond T. Bridge, Plaintiffs in Error,
v.
Rose M. WARNER, Fern Healey, a/k/a Kathleen M. Healey, Glenn Murphy and Homer Murphy, Jr., Defendants in Error.
No. 70-665, (Supreme Court No. 24196.)
Colorado Court of Appeals, Div. I.
March 16, 1971.
Rehearing Denied April 6, 1971.
Claus J. Hume, Craig, Robert H. Gleason, Steamboat Springs, for plaintiffs in error.
Nicholas Magill, Steamboat Springs, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
On August 8, 1966, Mary C. Murphy executed an instrument purporting to be her last will and testament, wherein she named, as co-executors thereof, her son Lawrence and son-in-law, Raymond T. Bridge, who are referred to as proponents. On November 4, 1967, she died, and the proponents offered the will for probate.
The precise terms of the will are not important to this decision. It is sufficient *1365 to note that certain of her other children, hereafter referred to as contestants, filed a caveat alleging undue influence, lack of testamentary capacity, and that said instrument was not the last will and testament of Mary C. Murphy.
A jury was waived and trial was held to the court, which dismissed the allegation of undue influence for lack of evidence. On the issue of lack of testamentary capacity on the part of Mary C. Murphy to make a will, the trial court noted that there was conflicting evidence on this point, but specifically held, "* * * [I]t is not necessary to decide this question in view of the next Finding. * * *"
The next finding, which forms the crux of this appeal, concerns the witnesses to the will. There were three witnesses, two of whom testified that in their opinion she was of sound mind and memory. One of the witnesses admitted that he had only observed her during the few minutes of time it took to execute the will. The trial court held that in this short period of time, it was impossible for the witness to reach a valid determination as to the testamentary capacity of Mary C. Murphy.
In its conclusions of law, the court found that the burden of proof was upon the proponents to show that the attesting witnesses believed she had the capacity to make a will, 1965 Perm.Supp., C.R.S. 1963, 153-5-27. It then held that the burden had not been sustained because this one witness had not had sufficient opportunity to reach a valid conclusion as to the competency of Mary C. Murphy and was therefore disqualified as a witness.
The attestation clause which the witnesses subscribed did not contain the general statement that they believed Mary C. Murphy to be of sound mind and memory. The inclusion of such a clause is prima facie evidence of the recited facts. O'Brien v. Wallace, 145 Colo. 291, 359 P.2d 1029.
The witness testifying at trial that he was of the opinion that Mary C. Murphy was of sound mind at the time the instrument was executed would be as effective as if this statement were included in the attestation clause. There is no distinction between an attestation clause subscribed to by a witness, and testimony by that same witness on the same facts. The purpose in either event is to establish that the procedural requirements for the proper execution of the will have been complied with in accordance with 1965 Perm.Supp., C.R.S. 1963, 153-5-27.
Once these procedural requirements have been met, the proponents have established a prima facie case and the will should be admitted to probate unless caveator's evidence is sufficient to defeat this prima facie case.
The burden rests upon the proponents to establish the mental capacity of the person executing the will. Roeber v. Cordray, 70 Colo. 196, 199 P. 481. This is a substantive question of fact, not a technical one of procedure. As a question of fact, therefore, it is for the trier of fact to make determination based upon the presented evidence, as to whether Mary C. Murphy had the testamentary capacity to make a will. Davis v. Davis, 64 Colo. 62, 170 P. 208. The fact that this one witness had but a few minutes in which to observe her before reaching his opinion would go to the weight and credibility to be attached to his testimony in regard to this issue, Davis, supra. But this fact affords no basis upon which the witness may be disqualified from testifying as to due execution of the will.
Judgment is reversed and remanded with instructions that the trial court hold such further hearing, if any, as it may deem necessary in order to make a finding as to testamentary capacity of Mary C. Murphy at the time of the execution of said purported will and to then enter judgment either admitting said will to probate or denying probate of said will, depending on its findings.
DWYER and PIERCE, JJ., concur.