In the Matter of the ESTATE OF Rosa GROBMAN, a/k/a Rose Grobman, Deceased.

Louisa NUNEZ, Petitioner-Appellant,

v.

Edward A. JERSIN, Petitioner-Appellee.

No. 79CA0114.

Colorado Court of Appeals, Div. I.

May 7, 1981.

Rehearing Denied June 4, 1981.

Certiorari Denied Oct. 5, 1981.

Henry, Cockrell, Quinn & Creighton, Richard C. Cockrell, Denver, for petitioner-appellant.

Quiat, Dice & Associates, Michael R. Dice, William L. Rice, Denver, for petitioner-appellee.

STERNBERG, Judge.

This will contest presents two issues: the burden of proof of testamentary capacity under § 15–12–407, C.R.S.1973, and the applicable rules for the construction of a holographic will pursuant to § 15–11–503, C.R.S. 1973.

On May 5, 1969, Rosa Grobman executed a formal, attested will nominating Edward A. Jersin, the appellee, as executor of her estate. At the time of her death, this will had the effect of devising all of her property to decedent's named distant relatives in Austria.

In 1976, she prepared a handwritten document which appellant Louisa Nunez, a neighbor who had befriended the decedent in her last years, asserts is a valid holographic will and, therefore, decedent's last will and testament. It is reproduced hereinafter:

Miss Grobman died on July 9, 1978, at the age of 90 years.

Thereafter, both wills were submitted for probate. The trial court ruled that the handwritten document could not be admitted to probate because appellant had not made a prima facie showing that it was decedent's holographic will. The court made the alternative finding that the writing was illegible and, thus, could not be proved as a last will and testament. After proof of the 1969 will, it was admitted to probate. Appellant contends that this was error. We agree and, therefore, reverse.

### PRIMA FACIE PROOF OF A HOLOGRAPHIC WILL

A will which does not comply with the requirements for execution of wills set out in § 15–11–502, C.R.S.1973, may nevertheless be valid as a holographic will "whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." Section 15–11–503, C.R.S.1973. A witness for appellant, a bank employee familiar with decedent's handwriting, testified that the entire document quoted above, including the signature, was written by the decedent. However, the appellee asserts that, in addition to making a prima facie showing that the requirements of § 15–11–503, C.R.S.1973, were met, the proponent was required to prove decedent's testamentary capacity at the time of execution of the will pursuant to § 15–11–501, C.R.S.1973. We disagree.

Burdens of proof and persuasion in formal probate proceedings are set out in

§ 15–12–407, C.R.S.1973, which states, in pertinent part:

"Proponents of a will have the burden of establishing prima facie proof of due execution in all cases .... Contestants of a will have the burden of establishing lack of testamentary intent or capacity .... Parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof."

Under this statute, once the proponent of a holographic will has offered prima facie proof that it was duly executed pursuant to § 15–11–503, C.R.S.1973, the contestant must bear the burden of introducing prima facie evidence that the person who executed the will lacked testamentary capacity. *See Evans v. Liston*, 116 Ariz. 218, 568 P.2d 1116 (1977). Enactment of § 15–12–407, C.R.S. 1973, changes the long-established Colorado rule that the proponent of a will has the burden of proof and persuasion with regard to testamentary capacity. *See Roeber v. Cordray*, 70 Colo. 196, 199 P. 481 (1921); *In Re Estate of Murphy*, 29 Colo.App. 297, 483 P.2d 1364 (1971).

### LEGIBILITY

■ As an alternative basis for rejecting the holographic will, the trial court concluded that it was illegible. In particular, the court could not discern the first two digits of the year and could not decipher a word it deemed critical to a finding of testamentary intent. Because there is no statutory requirement under § 15–11–503, C.R.S.1973, that a holographic will be dated and because there was no prima facie proof of lack of testamentary intent by contestant pursuant to § 15–12–407, C.R.S.1973, consideration of illegibility at this point in the proceedings was improper. However, the issue of legibility is likely to arise on remand, and, therefore, it must be addressed.

■ Because construction of a will is a matter of law, *Meier v. Denver United States National Bank*, 164 Colo. 25, 431 P.2d 1019 (1967), we are not bound by the trial court's determination that the holographic will is illegible. In construing a will, it is the court's duty to ascertain and give effect to the testator's intent. *Meier v. Denver United States National Bank, supra.* We see no reason why this obligation should not extend to interpretation of a holographic will. Presented with a holographic will, the court must strive to interpret handwriting which may, at first glance, be difficult to read. The will, set out above, is legible in its material portions.

Likewise, we find no reason to reject the will because of the defect in the date. Where it is asserted that a holographic will is decedent's last will and testament rather than an earlier will, the date is material. To prove the purported holographic will is later, appellant here must be able to show it was executed after May 5, 1969. Although the first two numerals indicating the century are unclear, the numerals "76" indicating the year are legible.

■ In the absence of a statutory requirement that the holographic will be dated, a holographic will may not be denied probate merely because portions of the date not at issue are abbreviated, missing, or illegible, where, as here, the critical elements of the date are certain and unambiguous. *See Succession of Thomas R. Gafford*, 180 So.2d 74 (La.App.1965); *In Re Estate of Bennett*, 324 P.2d 862 (Okl.1958); *In Re Moody's Estate*, 118 Cal.App.2d 300, 257 P.2d 709 (1953).

The other contentions of the parties are without merit.

Because the trial court ruled, at the conclusion of appellant's case, that the appellant had not established a prima facie showing that this was decedent's last will and testament, appellee had no opportunity to adduce evidence challenging the validity of the holographic will. Accordingly, we reverse the judgment and remand for further proceedings. If appellee fails to overcome appellant's prima facie proof of due execution of the will or fails to establish one or more of the defenses to validity as set forth in § 15–12–407, C.R.S.1973, the holographic will should be admitted to probate as decedent's last will and testament.

COYTE and BERMAN, JJ., concur.