223 P.3d 119 (2007)
In the Matter of the ESTATE OF Nancy R. HOPE, Deceased.
Joanne C. Ehrlich, Claimant-Appellant,
v.
Anita Flowers and American National Bank, Co-Personal Representatives-Appellees.
No. 06CA2003.
Colorado Court of Appeals, Div. I.
December 13, 2007.
*120 Michael L. Ehrlich, Centennial, Colorado, for Claimant-Appellant.
Sherman & Howard, L.L.C., Leanne B. De Vos, Carol V. Berger, Denver, Colorado, for Co-Personal Representatives-Appellees.
Opinion by Judge DAILEY.
In this probate proceeding, claimant, Joanne C. Ehrlich, appeals the probate court's judgment dismissing her claims against Anita Flowers and American National Bank, the co-personal representatives of the estate of decedent, Nancy R. Hope. We affirm.

I. Background
Claimant is decedent's sister, and both she and decedent are the children of Elsie Hope. Through a 1983 will and two codicils, Elsie established a "Family Trust," the assets of which were divided into two equal shares and held as separate trusts for each sister. Elsie provided the two sisters with special powers of appointment with respect to the assets in their respective trusts. She limited the objects of the powers of appointments, however, to (1) any descendant(s) of hers, other than the child (or her estate or creditors) for whom the particular trust was created; and (2) any charitable, scientific, or educational organization.
Elsie died in 1985, and, in 1989, the sisters had a falling-out with one another. Subsequently, decedent executed a Will and Codicil (collectively, the Will) and a Trust (the Nancy R. Hope Revocable Trust), the effect of which was to distribute, upon her death, her property and the trust property over which she held a power of appointment to parties other than claimant and her children.
Following decedent's death in 2005, claimant filed claims against decedent's estate for, among other things: (1) certain tangible personal property which, she alleged, had originally belonged to the sisters' parents but was jointly owned by the sisters before decedent's death; (2) unidentified property which for similar reasons she said was hers but which may have improperly been given to the Nancy R. Hope Revocable Trust; and (3) half of the assets remaining in the Nancy R. Hope portion of the "Family Trust" that were due her under the limitations imposed by the terms of Elsie's power of appointment.
Following trial, the probate court dismissed claimant's first two claims based on *121 laches and claimant's third claim based on its interpretation of Elsie's power of appointment.
On appeal, claimant contests the dismissal of only her second and third claims.

II. Contentions on Appeal
Initially, we decline to consider claimant's contentions that are only perfunctorily asserted and for which no legal authority is cited. See C.A.R. 28(a)(4); People in Interest of D.B-J., 89 P.3d 530, 531 (Colo.App.2004)(declining to address contention that lacked references to supporting facts in record, specific arguments, or legal authorities); see also United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) ("A skeletal `argument,' really nothing more than an assertion, does not preserve a claim [for appeal].").
We also decline to consider issues claimant raised for the first time in her reply brief. See Vanderbeek v. Vernon Corp., 25 P.3d 1242, 1248 (Colo.App.2000), aff'd, 50 P.3d 866 (Colo.2002).
Consequently, we limit our discussion below to the two issues that we conclude were properly developed by claimant in her opening brief, namely, (1) whether the probate court erred in denying her motion to compel discovery of documents from the Nancy R. Hope Revocable Trust; and (2) whether the probate court erred in interpreting the scope of the power of appointment Elsie allowed decedent to exercise with respect to trust assets.

III. Discovery
Claimant contends that the probate court erred when it denied her motion to compel discovery of trust documents and inventory for the Nancy R. Hope Revocable Trust. Because of the manner in which the probate court disposed of the claim to which the requested discovery related, we conclude that any error was harmless.
Pursuant to C.R.C.P. 26(b)(1), the "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." (Emphasis added.)
Here, claimant requested discovery in connection with her second claim to determine what, if any, of her property decedent may have given to the Nancy R. Hope Revocable Trust. According to claimant, this would have been property which (1) had originally belonged to her parents; (2) had, as a consequence of the death of the parents, been jointly owned by the sisters; and (3) upon decedent's death, automatically passed to her.
Following trial, the probate court determined that claimant was barred by the doctrine of laches from asserting an interest in property (1) which arose, if at all, twenty years earlier upon Elsie's death; (2) which could have been resolved by the administrator of Elsie's estate; and (3) which had, in fact, not been claimed or otherwise shared or treated as shared in the seventeen years since Elsie's estate had been closed. See generally In re Water Rights of Cent. Colo. Water Conservancy Dist., 147 P.3d 9, 17 (Colo.2006) ("the defense of laches arises from `an unconscionable delay in asserting one's rights which works to the defendant's prejudice or injury in relation to the subject matter of the litigation'" (quoting City of Thornton v. Bijou Irrigation Co., 926 P.2d 1, 73 (Colo.1996))).
Contrary to claimant's assertion in her reply brief, the court's laches rulingwhich she did not contest in her opening brief applied to and barred the claim for which she sought discovery, rendering any error in the denial of discovery harmless. See C.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); see also Kinney v. Keith, 128 P.3d 297, 315 (Colo.App.2005) (affirming the ruling on grounds different from those relied on by the trial court).

IV. Decedent's Exercise of the Power of Appointment
Claimant also contends that the probate court erred in determining that decedent exercised the power of appointment as allowed under Elsie Hope's will. We disagree.
Under § 15-2-102(1), C.R.S.2007, the donee of a power of appointment may appoint *122 property covered by the appointment subject to such limits as the donor of the power may prescribe.
As summarized in the most recent draft of the Restatement of Property:
A power of appointment whose permissible appointees are defined and limited is either exclusionary or nonexclusionary. An exclusionary power is one in which the donor has authorized the donee to appoint to any one or more of the permissible appointees, to the exclusion of the others. A nonexclusionary power is one in which the donor has specified that the donee cannot make an appointment that excludes any permissible appointee or one or more designated permissible appointees from a share of the appointive property.
Restatement (Third) of Property: Wills and Other Donative Transfers § 17.5 (Tentative Draft No. 5, 2006).
Here, the donor of the power, Elsie Hope, provided as follows in a section of her will, titled "Child's Power of Appointment by Will":
My trustee shall distribute any amount of the principal of a child's trust and any accrued but undistributed income to, or for the benefit of, any descendant or descendants of mine other than my child for whom this trust is created, and any charitable, scientific or educational organizations as such child may appoint by a will which refers specifically to this provision of my will, provided that such appointment shall not include such child, her creditors, her estate or creditors of her estate.
In its written order, the probate court determined that, under this provision, "Decedent could appoint the assets contained in the trust received from Elsie Hope either to a charitable institution or to descendants of Elsie Hope."
On appeal, claimant contends that the probate court's interpretation erroneously substituted an "or" for the "and" which Elsie used to join the two categories (that is, family and charities) of objects of the appointment. In claimant's view, Elsie's use of the conjunctive word "and," rather than the disjunctive word "or," signaled an unequivocal intent that remaining trust assets be distributed equally between the two categories of objects for appointment. For the following reasons, we are not persuaded.
In construing a will, a court ascertains and gives effect to the testator's or testatrix's intent. In re Estate of Grobman, 635 P.2d 231, 233 (Colo.App.1981). In ascertaining that intent, we (1) give words and phrases their familiar, usual, and generally accepted meanings, In re Estate of Gabriel, 123 Colo. 229, 232, 227 P.2d 344, 345 (1951), and (2) give effect to every word, rather than adopting a construction that renders any term superfluous. Williams v. Stander, 143 Colo. 469, 474, 354 P.2d 492, 495 (1960) ("It is presumed that every word is intended by the testator to have some meaning; and no word or clause in a will is to be rejected to which a reasonable effect can be given. Where two constructions are suggested, the one disregarding a word or clause of a will, and the other giving effect to the will as a whole, the latter must be adopted." (quoting 57 Am.Jur. 723, § 1129)).
The interpretation of a will is a question of law subject to de novo appellate review. In re Estate of Walter, 97 P.3d 188, 192 (Colo.App.2003).
Turning to claimant's contention, we note that "and" can be ambiguous:
The word "and" is notoriously ambiguous and has been recognized as such since time immemorial. It has been described as having no "single meaning, for chameleonlike, it takes its color from its surroundings." Depending upon syntax and context, it can have either a conjunctive or disjunctive effect.
Clyncke v. Waneka, 157 P.3d 1072, 1079 (Colo.2007)(Coats, J., concurring in the judgment)(quoting Peacock v. Lubbock Compress Co., 252 F.2d 892, 893 (5th Cir.1958)) (citations omitted).
Here, claimant's contention ignores, in its entirety, that clause in the "Child's Power of Appointment by Will" allowing the distribution of "any amount of the principal ... and any accrued but undistributed income" to the *123 two categories of objects (family or charities) to which the assets could be appointed.
Because, in ordinary usage, the term "any" means "without limit or restriction," Shams v. Howard, 165 P.3d 876, 881 (Colo.App. 2007), we, like the probate court, interpret Elsie's will as leaving to decedent the ultimate decision whether to give some, none, or all of the trust assets to individuals or entities falling in either of the designated categories of objects for appointment.
To otherwise interpret Elsie's will would, in our view, render the word "any" superfluous, a result we are unwilling to allow. See Stander, 143 Colo. at 474, 354 P.2d at 495.
Our interpretation of Elsie's will is supported by authorities elsewhere. See generally John E. Howe, Exclusive and Nonexclusive Powers and the Illusory Appointment, 42 Mich. L.Rev. 649, 655 (1943-44) ("when the instrument states that the donee shall appoint ... `any part,' the power created thereby is an exclusive power"); see also Ferrell-French v. Ferrell, 691 So.2d 500, 501 (Fla.Dist.Ct.App.1997) (recognizing, as "the modern trend," the rule that "unless the donor manifests a contrary intent, a special power of appointment is exclusive, allowing the donee to exercise it in favor of any of the objects, to the exclusion of others"); Frye v. Loring, 330 Mass. 389, 113 N.E.2d 595, 599 (1953)(person could exercise power of appointment, the objects of which were "his wife and issue," in favor of the person's wife or his issue, to the exclusion of the other); In re Estate of Weinstein, 111 Misc.2d 860, 861, 444 N.Y.S.2d 427 (N.Y.Sur.Ct.1981) (person could exercise power of appointment, the objects of which were "his then living children, the then living children of [the testatrix's] brother-in-law ... and of [the testatrix's] brother," in favor of any of the named objects, to the exclusion of the others).
Here, decedent exercised the power of appointment in favor of a charitable institution and to the exclusion of claimant or her children. Because decedent's exercise of the power fell within the limits of the power prescribed in Elsie's will, we uphold the probate court's ruling to this effect.

V. Attorney Fees
Finally, we reject the co-personal representatives' request for attorney fees incurred on appeal. Although claimant was unsuccessful on appeal, we do not consider her arguments to be so lacking in factual or legal justification as to warrant an award of fees under C.A.R. 38(d) or § 13-17-102, C.R.S.2007. See Wood Bros. Homes, Inc. v. Howard, 862 P.2d 925, 935 (Colo.1993).
The judgment is affirmed.
Judge MÁRQUEZ and Judge CASEBOLT concur.